**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

KAREN COCHENOUR, individually and on behalf of others similarly situated,

Plaintiff,

v.

360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC.,

Defendant.

Civil Action No. 1:25-CV-00007-RP

**RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 360training.com, Inc., d/b/a Mortgage Educators and Compliance ("Mortgage Educators") by and through its undersigned counsel, responds to Plaintiff Karen Cochenour's ("Plaintiff") Second Notice of Supplemental Authority (ECF Nos. 17, 17-1).

In *Macalpine v. Hickerson*, No. 1:24-cv-00933-DAE, Judge Ezra first recognized that although the Fifth Circuit has yet to construe the phrase "personally identifiable information" ("PII") under the Video Privacy Protection Act ("VPPA"), a majority of courts hold that PII must be "'information that would readily permit an ordinary person to identify a specific individual's video-watching behavior.'" *Macalpine*, slip. op at 7. Judge Ezra next concluded that a Facebook ID and URL of a webpage could qualify as PII under this standard at the motion to dismiss stage, relying primarily on case law within the Southern District of New York, which Judge Ezra quoted for the proposition that "'[c]ourts have uniformly held Facebook IDs to constitute PII under the VPPA.'" *Id.*

Significantly, however, a review of the docket in *Macalpine* confirms that briefing on the defendant's motion to dismiss closed before the Second Circuit issued its decision in *Solomon v.*

*Flipps Media, Inc.*, __ F.4th __, 2025 WL 1256641 (2d Cir. May 1, 2025), and the defendant in that case did not file any notice of supplemental authority to alert Judge Ezra to the *Solomon* decision. As Mortgage Educators pointed out in the notice of supplemental authority it promptly filed in this case on May 2, 2025 (ECF No. 14), the Second Circuit in *Solomon* expressly adopted the ordinary person standard for PII under the VPPA and then held that transmission of a Facebook ID and URL string does *not* meet that standard. (*See generally* ECF No. 14-1.) *Solomon* is the only federal appellate court decision to directly address whether a Facebook ID constitutes PII under the VPPA. Judge Ezra's comments concerning "uniform[]" authority and his failure to cite *Solomon* illustrate that he was unaware of the *Solomon* decision when he issued his opinion, due to the defendant's failure in that case to file any notice of supplemental authority highlighting this recent development. The Southern District of New York cases on which Judge Ezra relied are no longer good law in light of *Solomon*, and *Solomon*, the only federal appellate decision to directly address the issue, supports the argument that Mortgage Educators has made for dismissal in this case.

Dated: May 16, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Rachel Palmer Hooper*

Rachel Palmer Hooper
Texas Bar No. 24039102
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: 713.646.1329
Fax: 713.751.1717
rhooper@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, May 16, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Rachel Palmer Hooper*