IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAREN COCHENOUR, individually and on behalf of others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC., )<br>)<br>Defendant. ) | Civil Action No. 1:25-CV-00007-RP |

### DEFENDANT'S OPPOSED MOTION TO STAY PENDING RULING ON MOTION TO DISMISS

Defendant 360training.com, Inc., d/b/a Mortgage Educators and Compliance ("Mortgage Educators") respectfully moves this Court to stay this case pending ruling on Mortgage Educators' Rule 12(b)(1) and (6) motion to dismiss (ECF No. 10), including staying any obligation to engage in a Rule 26(f) conference or discovery. Mortgage Educators' motion to dismiss challenges whether this Court has Article III jurisdiction over Plaintiff's claims, and alternatively whether the statute at issue in this case is constitutional. These significant threshold issues should be resolved before the Parties or the Court begin expending resources on discovery and other case proceedings.

In accordance with Rule CV-7(G), counsel for Mortgage Educators conferred with counsel for Plaintiff in a good-faith attempt to resolve the matter by agreement. Plaintiff is unwilling to stay the case pending ruling on the motion to dismiss, and the parties were unable to resolve the matter.

**BACKGROUND**

Plaintiff Karen Cochenour filed this case on January 2, 2025, asserting a single cause of action for alleged violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, based on Mortgage Educators' alleged sharing of information about Plaintiff's continuing education course purchases on Mortgage Educators' website with Meta via the Meta Pixel. (ECF 1.) Plaintiff sought to assert claims on behalf of herself and a putative nationwide class. (*Id.*) The Court has also set a deadline of May 23, 2025 for the Parties to submit a proposed scheduling order. (ECF 15.)

**ARGUMENT**

**I.     The Court Has Discretion to Avoid Imposing Unnecessary Discovery Burdens.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts frequently stay discovery pending a motion to dismiss the complaint where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where discovery may be especially burdensome and costly to the parties. *See, e.g.*, *J.A. v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834 (W.D. Tex. June 17, 2020) (granting motion to stay "until the threshold issues of standing and sovereign immunity are decided.").

Proceeding to merits discovery before subject matter jurisdiction has been litigated raises concerns about overstepping a court's authority because a federal court acting without subject-matter jurisdiction violates federalism and separation-of-powers principles underlying our constitutional system. *Missouri v. Biden*, 662 F. Supp. 3d 626, 647 (W.D. La. 2023) ("The "law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.") (quoting *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 435 (2017)). Mortgage Educators filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) that challenges whether this Court has Article III jurisdiction to hear the claims asserted in the Complaint, and that alternatively challenges whether Plaintiff has stated a claim for violation of the VPPA.

With respect to the Rule 12(b)(1) grounds of the motion, Mortgage Educators argues that Plaintiff lacks Article III standing to pursue her VPPA claims concerning alleged disclosure of information about her purchase of mortgage loan originator ("MLO") continuing education courses to Meta. *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) and *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) discussed the appropriate framework for analyzing whether a statutory violation constitutes a concrete injury for purposes of supporting Article III standing. *Ramirez* emphasized that a plaintiff must have suffered a "concrete – that is, real, and not abstract" injury that has a "close historical or common-law analogue" "traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-25 (2021) (internal quotation marks omitted). As explained in Mortgage Educator's Motion to Dismiss, the information Plaintiff alleges was disclosed is publicly available information concerning her completion of MLO continuing education courses which are required by federal and state law.

3

(ECF No. 10.) Plaintiff does not allege that she suffered any tangible harm or an intangible harm with a sufficiently close relationship to harms recognized by American courts.

With respect to the Rule 12(b)(6) grounds of the motion, in addition to pleading deficiencies, one of the arguments that Mortgage Educators has raised is a constitutional challenge to the VPPA. The VPPA triggers First Amendment scrutiny because it places speaker- and content-based restrictions on the dissemination of information. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015); *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011). The First Amendment "[p]rohibit[s] restrictions [that] distinguish[] among different speakers." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340 (2010); *see also Reed*, 576 U.S. at 170. Further, content-based restrictions "are presumptively unconstitutional. . . ." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015). To date, no appellate court has addressed this issue.

Significantly, both the standing challenge and the constitutional challenge present threshold issues about whether this case may proceed. A ruling in Mortgage Educators's favor on either issue would end this case, and they are not mere pleading issues that could be cured through amendment. Furthermore, no party would be prejudiced by the stay, which is likely to last only a few months while the Court addresses the motion, which has been fully briefed since April 23, 2025. In contrast, the Parties and the Court would waste significant resources if this case moves into discovery before resolution of these threshold issues and the motion to dismiss subsequently is granted. Discovery in this putative class action case concerning website technology will be expensive, time-consuming, and expert-intensive, and it would be prejudicial to force Mortgage Educators to incur these burdens before a determination is made as to whether this case may proceed at all. Numerous courts have held that it is appropriate to stay case proceedings pending resolution of a motion to dismiss in which standing or similar threshold issues are raised. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063 (W.D. Tex. Apr. 08,

2016) (granting stay where "the need for discovery would be eliminated" if the court granted the motion to dismiss on immunity grounds); *Moreno v. United States*, No. 1:24-CV-245-DII, 2024 BL 277469, at *3 (W.D. Tex. Aug. 12, 2024) ("The Court finds good cause to stay discovery in this case. While discretionary stays of discovery are 'very rare' in the context of a Rule 12(b)(6) motion to dismiss, that analysis is different when a party asserts a plausible [12(b)(1)] defense of sovereign immunity.") (internal citations omitted). Mortgage Educators respectfully requests that this Court do the same.

## II. In the Alternative, Good Cause Exists Under Rule 26(c) to Stay Discovery Pending Resolution of Mortgage Educators' Motion to Dismiss.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A stay of discovery is appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 111 S.Ct. 244 (1990). To determine whether a stay is appropriate, courts "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely." *Moreno*, 2024 WL 3763755, at *2 (quoting *J.A.,* 2020 WL 3270834, at *2). But when a motion to dismiss raises threshold jurisdictional issues, "discovery should be stayed until the District Court has determined whether it has jurisdiction over [a] case." *Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992)).

Here, the Court should exercise its discretion to stay discovery pending resolution of Mortgage Educators' motion to dismiss because Mortgage Educators should not be forced into spending significant time and money on discovery on a single claim that could be dismissed on

multiple grounds. The Fifth Circuit held that "where discovery would not be useful to the resolution of a pending [dispositive] motion presenting a question of law," a district court may grant a motion to stay discovery. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010). Mortgage Educators' motion to dismiss cannot be overcome with discovery, and a stay is appropriate to prevent undue burden and expense.

## CONCLUSION

Mortgage Educators respectfully requests that this Court stay this case pending ruling on Mortgage Educators's Rule 12(b)(1) and (6) motion to dismiss, including staying any obligation to engage in a Rule 26(f) conference or discovery. As discussed above, the significant threshold issues of standing and constitutionality should be resolved before the Parties and the Court begin expending resources on costly discovery, and no Party will be prejudiced by a brief stay.

Dated: May 19, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Rachel Palmer Hooper*

Rachel Palmer Hooper
Texas Bar No. 24039102
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: 713.646.1329
Fax: 713.751.1717
rhooper@bakerlaw.com

*Attorneys for Defendant*

4926-2968-0707.3

## CERTIFICATE OF SERVICE

I hereby certify that on this date, May 19, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Rachel Palmer Hooper*

4926-2968-0707.3