IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KAREN COCHENOUR, § | | |
| § | | |
| Plaintiff, § | | |
| § | 1:25-CV-00007-RP | |
| v. § | | |
| § | | |
| 360Training.COM, Inc., d/b/a MORTGAGE § | | |
| EDUCATORS and COMPLIANCE, INC., § | | |
| Defendant. § | | |

**[PROPOSED] AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before [Plaintiff's position: January 30, 2026; Defendant's position: 30 days following the filing of Defendant's answer to the Complaint should an answer come due].

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before [Plaintiff's position: February 9, 2026; Defendant's position: 45 days following the filing of Defendant's answer to the Complaint should an answer come due], and each opposing party shall respond, in writing, on or before [Plaintiff's position: February 23, 2026; Defendant's position: 65 days following the filing of Defendant's answer to the Complaint should an answer come due]. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before June 30, 2025.

4.  The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before [Plaintiff's position: January 26, 2026; Defendant's position: 30 days following the filing of Defendant's answer to the Complaint should an answer come due].

5.  All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before [Plaintiff's position: March 16, 2026; Defendant's position: 30 days after close of fact discovery]. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before [Plaintiff's position: April 13, 2026]; Defendant's position: 60 days after close of fact discovery. Expert depositions shall be completed no later than 90 days after the close of fact discovery.

6.  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **30 days** from the receipt of the written report of the expert's proposed testimony, or within **30 days** from the completion of the expert's deposition, if a deposition is taken, whichever is later.

7.  The parties shall complete all fact discovery on or before [Plaintiff's position: May 18, 2026; Defendant's position: 10 months following the filing of Defendant's answer to the Complaint should an answer come due].

8.  Plaintiff's class certification motion shall be filed on or before [Plaintiff's position: June 22, 2026; Defendant's position: 30 days after the close of expert discovery]: Defendant's opposition is due 30 days thereafter, and Plaintiff's reply is due 14 days after the filing of Defendant's opposition. All dispositive motions shall be filed on or before [Plaintiff's position: July

20, 2026; Defendant's position: 45 days after the later of the Court's ruling on Plaintiff's motion for class certification or the resolution of any interlocutory appeal of that ruling] and shall be limited to 30 pages. Responses shall be filed and served on all other parties not later than 30 days after the service of the motion and shall be limited to 30 pages. Any replies shall be filed and served on all other parties not later than 21 days after the service of the response and shall be limited to 15 pages, but the Court need not wait for the reply before ruling on the motion.

9. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

**The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

10. This case is set for _____ trial commencing at 9:00 a.m. on _____.

Jury selection may be conducted by a Magistrate Judge and may occur on the Friday before the case is set for trial. Because criminal and civil cases are often set for the same trial week, the Court may need to reschedule your trial shortly before the trial date. If the parties resolve their dispute after 5:00 p.m. the day before jury selection or resolve their dispute earlier but fail to timely notify the Court, the parties may be assessed up to $5,000 for the lost opportunity to schedule other matters and to cover court costs like summoning the jury panel and paying the fees of the jury panel.

The parties may modify the deadlines in this order by agreement, with the exception of the dispositive motions deadline, hearing dates, and trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 20_____.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KAREN COCHENOUR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | 1:25-CV-00007-RP |
| v. | § | |
| | § | |
| 360Training.COM, Inc., d/b/a MORTGAGE | § | |
| EDUCATORS and COMPLIANCE, INC., | § | |
| Defendant. | § | |

**NOTICE CONCERNING REFERENCE TO**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party, Karen Cochenour, through counsel, Elliot O. Jackson of Hedin LLP

____ consents to having a United States Magistrate Judge preside over the trial in this case.

__X_ declines to consent to trial before a United States Magistrate Judge.


Respectfully submitted,

**HEDIN LLP**

/s/ *<u>Elliot O. Jackson</u>*
Elliot O. Jackson
Florida Bar No. 1034536
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone:    (305) 357-2107
Facsimile:       (305) 200-8801
ejackson@hedinllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KAREN COCHENOUR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-00007-RP |
| 360Training.COM, Inc., d/b/a MORTGAGE EDUCATORS and COMPLIANCE, INC., | § § § | |
| Defendant. | § | |

**NOTICE CONCERNING REFERENCE TO**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party, 360Training.COM, Inc., d/b/a MORTGAGE EDUCATORS and COMPLIANCE, INC., through counsel

  ___ consents to having a United States Magistrate Judge preside over the trial in this case.

  _X_ declines to consent to trial before a United States Magistrate Judge.


                Respectfully submitted,