IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAREN COCHENOUR, § | |
| § | |
| Plaintiff, § | |
| § | 1:25-CV-00007-RP |
| v. § | |
| § | |
| 360Training.COM, Inc., d/b/a MORTGAGE § | |
| EDUCATORS and COMPLIANCE, INC., § | |
| Defendant. § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff Karen Cochenour respectfully submits this response in opposition to the Opposed Motion to Stay, (ECF No. 19, ("Motion" or "Mot.")), filed by the Defendant 360training.com, Inc., d/b/a Mortgage Educators and Compliance ("Mortgage Educators").

**I.   INTRODUCTION**

In this putative class action, Plaintiff alleges that Defendant invaded her privacy and the privacy of class members nationwide by disclosing their personally identifying video-purchase related information made on Defendant's www.mortgageeducators.com website to Meta Platforms, Inc. ("Meta") without consent as required by the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). *See* ECF No. 1. Defendant now seeks to stay this entire case pending the Court's resolution of the non-dispositive motion to dismiss. The Motion, however, is premature and insufficient on its face because Defendant has failed to demonstrate that good cause exists to stay the entire case, let alone discovery. Defendant merely offers conclusory buzzwords, i.e., "threshold issues," "no party would be prejudiced," and "expensive, time-consuming, and expert-intensive" without more. *See* ECF No. 19 at 4. Still, Plaintiff will demonstrate below that

good cause does not exist to warrant a stay because the pending motion is a pure Rule 12(b)(6) challenge to the merits of Plaintiff's claim, but Defendant inappropriately labeled it as a Rule 12(b)(1) challenge to the Court's subject matter jurisdiction. This Court should disregard this attempt. Moreover, Defendant has neither explained which, if any, discovery requests are overly burdensome nor offered any proof of the prejudice that it will suffer if discovery continues. The Court should summarily deny the Motion.

## II.  PROCEDURAL BACKGROUND

On January 2, 2025, Plaintiff Karen Cochenour commenced this action. ECF No. 1. On March 5, 2025, Defendant moved to dismiss the Complaint. ECF No. 10. On April 8, 2025, Plaintiff filed her response in opposition to the motion to dismiss. ECF No. 12. On April 23, 2025, Defendant filed its reply. ECF No. 13. On May 9, 2025, U.S. Magistrate Judge Mark Lane directed the Parties to file an agreed scheduling order using Judge Pitman's form by May 23, 2025. ECF No. 15. On May 12, 2025, Plaintiff's counsel emailed a proposed scheduling order on Judge Pitman's form to Defense counsel, indicating that Plaintiff's counsel is available to discuss the file. Defense Counsel did not immediately answer. On May 19, 2025, Defense Counsel responded to the email from Plaintiff's counsel to ask whether "Plaintiff agree[s] to stay the case pending ruling on Defendant's motion to dismiss, since the motion raises threshold issues of standing and constitutionality?" Plaintiff's counsel promptly responded, indicating Plaintiff does not consent to stay the case. Plaintiff's counsel then emailed Defendant again to request Defense counsel's "availability for a call to discuss the proposed order." After both emails were sent, Defendant filed the Motion. ECF No. 19. Exactly one minute after the Motion was filed, Defense counsel

responded to Plaintiff's counsel to provide redlines to the proposed scheduling order. Later that afternoon, Plaintiff's responded with further redlines.

Shortly after 10:00 pm on May 22, 2025, Defense counsel responded by agreeing to the additional redlines made by Plaintiff's counsel. Seven hours later, understanding that the scheduling conference requirements were only then satisfied, Plaintiff's counsel filed the proposed scheduling order, *see* ECF No. 22, issued written discovery requests to Defendant, and provided Defendant with notice that Plaintiff was serving a subpoena for the production of documents by third-party Meta Platforms, Inc. ("Meta") On May 23, 2025, Plaintiff sent the third party subpoena issued to Meta to a process server to be effected. On May 28, 2025, Meta was served with the subpoena.

### III.  LEGAL STANDARD

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Federal Rule of Civil Procedure 26 provides that a district court "may, for good cause, issue an order staying discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26 (c)(1)(A). To satisfy Rule 26(c)'s good cause requirement, "[t]he burden is upon the movant to show the necessity of its issuance, **which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements**." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (emphasis added). A district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for

3

such discovery" when determining whether to stay discovery. *See Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

IV.     **ARGUMENT**

    A.     **Defendant Has Failed to Demonstrate Discovery Burdens Warrant Staying the Entire Case**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party moving for a stay "bears the burden of establishing its need." *See Fund Texas Choice v. Deski*, No. 1:22-CV-859-RP, 2024 WL 3223685, at *2 (W.D. Tex. May 1, 2024) (citation omitted). That burden is a heavy one because the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Total stays are, however, routinely granted in patent cases that involve *ex parte* reexamination ("EPR") and *inter partes* review (IPR) of claims asserted in the patent itself because these proceedings will ultimately assist the district court with claim construction and further proceedings. *See e.g., Foras Techs. Ltd. v. Bayerische Motoren Werke AG*, No. 6:23-CV-386-RP, 2024 WL 1724256, at *2 (W.D. Tex. Apr. 22, 2024). Likewise, courts generally grant a total stay when a government defendant asserts a qualified immunity defense. *See Evans v. Garza*, No. 1:23-CV-727-RP, 2024 WL 5185707, at *2 (W.D. Tex. Apr. 12, 2024). Thus, courts generally consider three factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *See Deski*, 2024 WL 3223685, at *2. Because the Motion begins with the third element, Plaintiff will address that element first.

Here, Defendant has not and cannot establish through the Motion that a stay is warranted for several reasons. **First**, Defendant has failed to identify a threshold issue that warrants staying this case to preserve judicial resources because the standing argument found in the motion to dismiss is explicitly intertwined with the merits of the case, making it a Rule 12(b)(6) argument. *See e.g., Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) ("In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56."). The Southern District of New York faced this exact issue in *Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 283 (S.D.N.Y. 2023), rejected that defendant's argument, and held that "whether the precise disclosure is actionable under the VPPA is a question about the merits of Martin's claim, rather than his ability to bring his case in federal court." Defendant's argument is a Rule 12(b)(6) argument because it challenges, as did the defendant in *Martin*, whether "the information Plaintiff alleges was disclosed" is "sufficiently close relationship to harms recognized by American courts" to satisfy Article III. *Compare* ECF No. 19 at 3-4 *with* ECF No. 10 at 12 ("In other words, Plaintiff is purporting to premise her alleged injury in this case on a disclosure of information that is publicly available."). Therefore, the binding *Montez* and persuasively applicable *Martin* decisions plainly establish that the "federalism and separation-of-powers" arguments raised by Defendant do not apply. *See* ECF No. 19 at 3. The third factor therefore weighs against Defendant.

**Second**, Defendant has failed to identify a threshold issue that warrants staying this case to preserve judicial resources because every federal Circuit to consider the issue has found Article

5

III standing for VPPA violations. *See Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 542 (2d Cir. 2024) (finding Article III standing because the "core allegation is that his personally identifiable information was exposed to an unauthorized third party. . . This alleged harm is closely related to the public disclosure of private facts analog."); *In re: Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) ("The purported injury here is clearly particularized, as each plaintiff complains about the disclosure of information relating to his or her online behavior. While perhaps 'intangible,' the harm is also concrete in the sense that it involves a clear de facto injury, i.e., the unlawful disclosure of legally protected information."); *Salazar v. Paramount Global*, 133 F.4th 642, 650 (6th Cir. 2025) (finding Article III standing because the plaintiff's "asserted injury resembles the harms addressed by" the "disclosure of private information" and "intrusion upon seclusion."); *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014) ("By alleging that Redbox disclosed their personal information in violation of the VPPA, Sterk and Chung have met their burden of demonstrating that they suffered an injury in fact that success in this suit would redress."); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982–84 (9th Cir. 2017) (same); *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1339–41 (11th Cir. 2017) ("[W]e hold that a plaintiff such as Perry has satisfied the concreteness requirement of Article III standing, where the plaintiff alleges a violation of the VPPA for a wrongful disclosure."). The third factor weighs even further against Defendant.

**Third**, none of the factors weigh in favor of Defendant because this case does not involve patent claims nor an immunity defense by a government actor. Defendant instead relies on a misreading and overstatement of *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016), which is inapplicable. The *Bickford* case is

inapplicable because it involved claims against at least one government actor, which naturally implicated the sovereign immunity, governmental immunity, and qualified immunity defenses. *See id*. Therefore, the *Bickford* court properly stayed discovery because such a conclusion comports with binding Fifth Circuit precedent advising that qualified immunity questions should be resolved at the earliest possible stage in litigation, even before discovery. *See Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990).[1] The Motion should be denied on this basis alone.

**Fourth**, Plaintiff is and will be prejudiced if the requested stay is granted because there is a credible threat of spoliation of important evidence in the possession of non-parties to the litigation. Plaintiff has already identified Meta as a non-party with relevant information necessary to support her claims. Plaintiff has a credible belief that Defendant uses a third-party software or platform to host its online courses because the motion to dismiss argues Defendant is not a "videotape service provider" as defined by the VPPA, *see* ECF No. 10 at 9-10, but that argument is contradicted by the declaration in support thereof. Defendant's representative states in a declaration to this Court that "Mortgage Educators owns and operates https://mortgageeducators.com/ (the "Website")" and "The Website sells national and state-specific MLO license and continuing education courses[.]" *See* ECF No. 10-1 at ¶¶ 4-5. Accordingly, if Defendant owns and operates the website where it sells and hosts videos, this fact alone forecloses any argument that it is not a videotape service provider as defined by the VPPA. That said, discovery is necessary to confirm or deny this allegation. Thus, Plaintiff is actively in the process of negotiating key document productions from Meta and soon-to-be-identified third

---

[1] Defendant's reliance on *Moreno v. United States*, No. 1:24-CV-245-DII, 2024 BL 277469, at *3 (W.D. Tex. Aug. 12, 2024) fails for the same reason as *Bickford*.

parties. That process would be immediately disrupted in the event that the stay is granted, and it is unclear whether and to what extent these nonparties will maintain the records they currently possess if the case is stayed as Defendant requests. Therefore, the second factor weighs against Defendant.

**Fifth**, Defendant has articulated no specific burden it will suffer from participating in discovery. This Court has routinely denied motions to stay discovery where the movant does not provide "any details as to why the discovery . . . is so unduly burdensome or expensive[.]" *See GoSecure, Inc. v. CrowdStrike, Inc.*, No. 1:24-CV-526-DII, 2024 WL 5274526, at *1 (W.D. Tex. Sept. 10, 2024). Therefore, the Motion should be denied.

### B.      Defendant Has Failed to Show Good Cause Under Rule 26

As a final point, Defendant asserts in conclusory fashion that "Mortgage Educators should not be forced into spending significant time and money on discovery on a single claim[.]" *See* ECF No. 19 at 5. Defendant does not even otherwise attempt to make the requisite showing, so the Motion should be summarily denied. "To show 'good cause' under Rule 26, the party seeking a stay of discovery must show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *See GoSecure*, 2024 WL 5274526, at *1.

Here, Defendant has offered no evidence illustrating the expense caused by specific discovery requests, nor discussion regarding the specific burden suffered. This Court has rejected conclusory statements of burden and unsubstantiated claims of increased expenses in other cases. *See id.*; *Hernandez v. Baylor Univ.*, No. 6-16-CV-069 RP, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016) ("Further, the court does not believe the various costs and difficulties of discovery

8

that Defendants describe comprise oppression or an undue burden."); *see generally, Deski*, 2024 WL 3223685, at *3 (finding no good cause based on conduct by counsel). Defendant's citation to the Fifth Circuit's unreported panel decision, *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010), does not change the outcome because that case is factually and procedurally inapplicable. *Sapp* involved the appeal of a district court's grant of summary judgment on res judicata grounds and the resulting denial of a motion to stay discovery. Therefore, the Motion should be denied.

## V. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court deny Defendant's Opposed Motion to Stay.

Dated: June 2, 2025

Respectfully submitted,

**HEDIN LLP**

*/s/ Elliot O. Jackson*
Elliot O. Jackson
Florida Bar No. 1034536
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone:   (305) 357-2107
Facsimile:    (305) 200-8801
ejackson@hedinllp.com