# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KAREN COCHENOUR, individually and on behalf of others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC.,<br><br>  Defendant. | Civil Action No. 1:25-CV-00007-RP |

## DEFENDANT'S REPLY IN SUPPORT OF OPPOSED MOTION TO STAY PENDING RULING ON MOTION TO DISMISS

Plaintiff's opposition ("Opposition") (ECF No. 24) entirely misses the point: where a motion to dismiss can resolve a threshold issue, like the 12(b)(1) standing challenge in Mortgage Educator's motion to dismiss (ECF No. 10), a stay is appropriate.

**I.   A Stay Is Merited Under this Court's Discretionary Authority.**

Numerous cases have recognized that ruling on threshold jurisdictional issues is a compelling reason to stay a case. (*See* ECF No. 19 at 4-5); *see also Serafine v. Abbott*, No. 1:20-CV-1249-RP, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) (staying discovery where motion to dismiss "raises questions about the Court's jurisdiction to hear this case"). As the cases cited by Mortgage Educators make clear, it is critical for the court to determine whether it has jurisdiction before allowing a case to move forward because there is no constitutional power to preside over a case where Plaintiff lacks standing, and allowing discovery to proceed while a jurisdictional challenge is pending violates federalism and separation-of-powers principles underlying our constitutional system.  If there is no jurisdiction, this case will be dismissed and no

discovery will be proper. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Plaintiff does not meaningfully address these cases. Instead, Plaintiff contends that a threshold issue does not exist because Mortgage Educators' 12(b)(1) argument is intertwined with its 12(b)(6) merits arguments, or Mortgage Educators' has failed to demonstrate burden. These arguments fail for multiple reasons.

***First***, Mortgage Educators' standing argument is distinct from any merits-based issue under Rule 12(b)(6). Following the Supreme Court's decisions in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), to bring a claim for a statutory violation, Plaintiff must demonstrate a concrete injury-in-fact. Mortgage Educators' pending motion to dismiss challenges Article III jurisdiction on the grounds that Plaintiff suffered no injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts, which is the analysis this Court must undertake after *Spokeo* and *TransUnion*. Notably, in her opposition to the motion to dismiss, Plaintiff recognized this as an Article III standing issue, spending a substantial portion of her brief addressing the standing challenge and citing standing case law. (Doc. 12 at 1-10.) Plaintiff's belated attempt to now change course and contend the motion to dismiss does not implicate standing—after spending nearly half her opposition brief addressing standing—is a transparent attempt to avoid the inescapable conclusion regularly reached by courts when faced with jurisdictional challenges: a stay is appropriate.

Plaintiff's cases are easily distinguishable. *Montez v. Dep't of Navy*, 392 F.3d 147 (5th Cir. 2004)) reversed the district court's dismissal on 12(b)(1) grounds where the district "court held that the FTCA did not apply to the complaint against the Navy because of the court's finding that

Partida was not 'acting within the scope of his office or employment' as a member of the United States Navy at the time of the accident." *Id.* at 149. And in *Martin v. Meredith*, one of the defendants contended the plaintiff lacked Article III standing because no data about video titles was transmitted to Facebook, which directly contradicted the allegations in the complaint. *See* Motion to Dismiss, *Martin v. Meredith Corporation et al.*, No. 1:22-cv-04776 (S.D.N.Y. Jun 07, 2022) (ECF No. 36) ("Further, the Choi Declaration demonstrates that no amended pleading could satisfy Article III because no data is ever transmitted to Facebook by Dotdash Meredith that reveals any specific video was watched or requested by a People.com user.") (internal citations omitted).

But Mortgage Educators' threshold challenge is different. *Montez* addressed a disputed fact – whether an individual was acting within the scope of his employment. And *Martin* challenged whether the plaintiff's allegations that the defendant was sharing video-related information with Facebook were truthful. In contrast, Mortgage Educators' standing argument attacks whether the requisite privacy interest exists for Plaintiff to have Article III standing. It would risk exceeding this Court's constitutional authority, and be unfairly prejudicial to Mortgage Educators, to force the parties into discovery before a determination as to whether this Court has jurisdiction.

**Second**, Plaintiff asks this Court to deny a stay because certain other courts have rejected standing challenges in VPPA cases. But this ignores clear differences in the standing arguments raised by Mortgage Educators in the pending motion to dismiss, some of which center on the nature of the information allegedly disclosed in this case—information concerning Plaintiff's completion of legally required mortgage loan originator licensing courses. In the cases Plaintiff identifies, only two[1] of the six decisions were issued after both *TransUnion* and *Spokeo*, and neither involved any challenge to the information being publicly available as a matter of state law. To the extent certain

---

[1] *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 542 (2d Cir. 2024) and *Salazar v. Paramount Global*, 133 F.4th 642, 650 (6th Cir. 2025).

3

courts have found standing, those decisions did not involve standing challenges on the grounds that Mortgage Educators has raised here. And in any event, the salient issue for the motion to stay is that there *is* a standing challenge pending before the court in the motion to dismiss; the merits of that standing challenge will be resolved in the context of the motion to dismiss, not in the context of this motion to stay.

***Third***, Plaintiff attempts to misconstrue the cases Mortgage Educators cites to demonstrate that courts frequently enter stays where threshold issues exist. While a majority of courts within the Fifth Circuit have addressed qualified immunity as a threshold issue, this does not mean that other threshold issues, such as Article III jurisdiction, do not merit a stay. To the contrary, the reasoning of those cases applies equally here.

***Fourth***, Plaintiff identifies no real prejudice that she will face if this Court enters a stay and again blatantly misconstrues the arguments in Mortgage Educators' pending motion to dismiss. Plaintiff attempts to suggest that "there is a credible threat of spoliation[,]" based on a "credible" belief that Mortgage Educators might use a third-party software to host online courses.[2] Plaintiff's position butchers the argument Mortgage Educators raised with respect to the video tape service provider element of Plaintiff's VPPA claim. The entirety of Mortgage Educators' argument addresses whether the focus of Mortgage Educators' business is the sale or delivery of pre-recorded video or similar audio-visual materials such that it qualifies as a video tape service provider under the statutory language of the VPPA. Further, Plaintiff admits she is actively in discussions with Meta, so Meta is already on notice that this litigation exists, and it seems implausible that a stay of a few weeks or months would result in Meta losing access to information. No real risk of

---

[2] Plaintiff's complaint does not allege that a third party hosts the videos on Mortgage Educators' website, and it is unclear why that would be relevant in any event. It is inappropriate for Plaintiff to raise allegations not contained within the complaint as a basis to deny a stay. Similarly, Plaintiff has failed to explain what documents she thinks would *only* be in the possession of this third-party.

spoliation exists where Plaintiff has already served a subpoena on Meta, Mortgage Educators has its own litigation hold in place, and Plaintiff does not dispute the stay is likely to be of short duration while the court decides Mortgage Educators' fully briefed motion to dismiss.

***Fifth***, Mortgage Educators did identify a burden – the significant time and expense of undertaking discovery in this putative class action case involving complex technologies, when a threshold issue has the potential to be completely dispositive. As Mortgage Educators identified in its opening brief, discovery concerning website technology is "expensive, time-consuming, and expert-intensive . . . ." (ECF No. 19 at 4.) Mortgage Educators should not be forced to spend hundreds of thousands of dollars on discovery where this Court could dismiss Plaintiff's claim.

## II.   Alternatively, Good Cause Exists Under Rule 26.

In the final two paragraphs of Plaintiff's opposition, she suggests Mortgage Educators' motion should be summarily denied because Mortgage Educators has not "illustrat[ed] the expense caused by specific discovery requests, nor discussion regarding the specific burden suffered." Plaintiff attempts to impose her own legal standard for demonstrating undue burden, suggesting that Mortgage Educators is required to provide estimated cost or other support to justify good cause for a stay (ECF No. 24 at 8.)  But Plaintiff's cited cases[3] regarding burden and expense involved 12(b)(6) factual challenges, not threshold legal issues, and the instant case is even more appropriate for a stay.

## CONCLUSION

Defendant respectfully requests that this Court stay this case.

---

[3] *GoSecure, Inc. v. CrowdStrike, Inc.*, No. 1:24-CV-526-DII, 2024 WL 5274526 (W.D. Tex. Sept. 10, 2024) and *Hernandez v. Baylor Univ.*, No. 6-16-CV-069 RP, 2016 WL 9450693 (W.D. Tex. Sept. 21, 2016).

Dated: June 9, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　BAKER & HOSTETLER LLP

　　　　　　　　　　　　　　　　　　　By:　*/s/ Rachel Palmer Hooper*

　　　　　　　　　　　　　　　　　　　　　Rachel Palmer Hooper
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24039102
　　　　　　　　　　　　　　　　　　　　　811 Main Street, Suite 1100
　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　　　Tel: 713.646.1329
　　　　　　　　　　　　　　　　　　　　　Fax: 713.751.1717
　　　　　　　　　　　　　　　　　　　　　rhooper@bakerlaw.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, June 9, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Rachel Palmer Hooper*