IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KAREN COCHENOUR, *individually and on behalf of others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-7-RP |
| 360TRAINING.COM, INC. *d/b/a* Mortgage Educators and Compliance, Inc., | § § § § | |
| Defendant. | § § | |

## **ORDER**

Before the Court is Defendant 360training.com, Inc. d/b/a Mortgage Educators and Compliance's ("Defendant") Opposed Motion to Stay Pending Ruling on Motion to Dismiss. (Dkt. 19). Plaintiff Karen Cochenour ("Plaintiff") filed a response in opposition, (Dkt. 24), and Defendant replied, (Dkt. 26). After reviewing the parties' briefing, the record, and the relevant law, the Court will grant the motion.

Plaintiff filed this case on January 2, 2025, asserting a single cause of action for alleged violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, based on Defendant's alleged sharing of information about Plaintiff's continuing education course purchases on Defendant's website with Meta via the Meta Pixel. (Dkt. 1). Plaintiff seeks to assert claims on behalf of herself and a putative nationwide class. (*Id.*).

On March 5, 2025, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 10). Defendant argues that this Court lacks jurisdiction over Plaintiff's claims because she does not have standing to bring suit. Alternatively, Defendant argues that Plaintiff has failed to state a claim for relief under the VPPA for various reasons, including that the VPPA is unconstitutional as violative of the First Amendment. (*Id.*). Plaintiff filed a response to

Defendant's motion to dismiss, (Dkt. 12), and Defendant replied in support, (Dkt. 13). Defendant's motion to dismiss remains pending before this Court.

Defendant has now moved to stay discovery in this case until the Court resolves the threshold jurisdictional and constitutional challenges raised in the motion to dismiss. (Dkt. 19). Defendant argues that it is common for courts to stay discovery until threshold issues such as jurisdiction and standing are resolved. (*Id.* at 2). Defendant asserts that permitting discovery before the Court resolves these threshold issues would result in undue burden to Defendant who would have to engage in expensive, time-consuming, and expert-intense discovery in this putative class action. (*Id.* at 4). In response, Plaintiff argues that there are no threshold issues that warrant a stay because the standing argument is "explicitly intertwined with the merits of the case, making it a Rule 12(b)(6) argument." (Dkt. 24, at 5). Further, Plaintiff argues that every federal court to have considered the issue has found standing for VPPA violations. (*Id.* at 5–6). Last, Plaintiff argues it will be prejudiced if a stay is granted because there is a threat of spoilation of important evidence in the possession of non-parties, namely, Meta and other to-be-identified third parties. (*Id.* at 7–8).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Under Federal Rule of Civil Procedure 26(c), a court may issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *J.A. b/n/f Alvarez v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020). "To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and

eliminate the need for such discovery entirely." *Id.*; *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

The Court finds good cause to stay discovery in this case. Discretionary stays of discovery are "very rare" in the context of a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Heston v. Austin Indep. Sch. Dist.*, No. 1:21-CV-35-RP, 2024 U.S. Dist. LEXIS 115276, at *3 (W.D. Tex. July 1, 2024). However, the analysis is different when a party asserts a plausible defense of lack of standing because standing is a "threshold question" which will impact whether a court has subject matter jurisdiction to hear the merits of a case. *See Warth v. Seldin*, 422 U.S. 490, 498–99 (1975). Accordingly, numerous courts have found it appropriate to stay case proceedings pending the resolution of a motion to dismiss in which standing issues are raised. *See, e.g.*, *Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 327704 (W.D. Tex. Feb. 1, 2021); *Alex A. ex rel. Smith v. Edwards*, No. CV 22-573-SDD-RLB, 2023 WL 100146 (M.D. La. Jan. 4, 2023).

Here, the Court is persuaded that Defendant has raised a plausible defense of lack of standing which could implicate the Court's subject matter jurisdiction to hear the merits of Plaintiff's VPPA claim. Although other courts have concluded that similar VPPA plaintiffs have standing to bring their claims, this Court has not yet resolved the standing inquiry in the context of this case. If discovery were to continue while Defendant's motion to dismiss is pending, Defendant would be subject to undue burden and expense undertaking discovery on a claim that this Court may dismiss on jurisdictional grounds. A short stay while the Court considers the parties' briefing on the standing issue—and the other issues raised in Defendant's motion to dismiss—is thus appropriate to ensure that the Court has subject matter jurisdiction over this case.

By contrast, Plaintiff will be minimally harmed by a temporary stay should the Court not grant Defendant's motion to dismiss. The Court does not find that there is a specific threat of spoilation if this case is stayed. Plaintiff admits in her motion that she is actively in discussions with

Meta about document production and has already served Meta with a subpoena. (Dkt. 24, at 3, 7–8). Thus, Meta is on notice that this litigation exists, and it seems unlikely that a brief stay will result in Meta losing access to information.

Accordingly, **IT IS ORDERED** that Defendant's Opposed Motion to Stay Pending Ruling on Motion to Dismiss, (Dkt. 19), is **GRANTED**. All discovery in this case is **STAYED** until seven days after the Court rules on Defendant's pending motion to dismiss, (Dkt. 10).

**SIGNED** on July 8, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE