IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAREN COCHENOUR, § | |
| § | |
| Plaintiff, § | |
| § | 1:25-CV-00007-RP |
| v. § | |
| § | |
| 360Training.COM, Inc., d/b/a MORTGAGE § | |
| EDUCATORS and COMPLIANCE, INC., § | |
| Defendant. § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Karen Cochenour, by and through undersigned counsel, submits this Response to Defendant's Notice of Supplemental Authority ("Notice") filed on August 18, 2025. *See* ECF No. 32. Plaintiff further states as follows:

1. Defendant's Notice informs this Court of a non-binding decision from the D.C. Circuit captioned as *Pileggi v. Washington Newspaper Publishing Company, LLC*, --- F.4th ----, 2025 WL 2319550 (D.C. Cir. Aug. 12, 2025). The *Pileggi* decision is inapplicable and should not be considered for three reasons.

2. First, and most significantly, Defendant attempts to implicitly circumvent established Fifth Circuit precedent by advocating an entirely new argument through its notice of supplemental authority that appears nowhere in its motion to dismiss. *See* ECF No. 10. Defendant never argued in its motion to dismiss that Plaintiff is not a "consumer" as defined by the Video Privacy Protection Act, 18 U.S.C. § 2710(a)(1). *See id.* However, Defendant attached the *Pileggi* decision only to emphasize the concurrence, while the majority decision rests exclusively on the interpretation of "consumer" and specifically finds that "[s]ubscribing to an e-newsletter that

includes videos and video links, by itself, is not enough to make someone a 'consumer' under the Video Privacy Act." *See* ECF No. 32-1 at 12. This Court should not consider arguments that were not raised in the underlying motion to dismiss. *See generally Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (finding that a district court abused its discretion by considering new arguments not previously raised in the underlying motion).

3.  But even if this Court were to consider *Pileggi*, the decision is factually distinguishable and legally inapposite. The *Pileggi* plaintiff's claims were dismissed because they were premised on her "subscri[ption] to an e-newsletter that includes videos and video links" but lacked any connection tying her to the specific videos she viewed on the website. *See* ECF No. 32-1. Here, this case involves neither an e-newsletter subscription nor the attenuated relationship between subscription and video viewing history that doomed the *Pileggi* plaintiff's claims. Therefore, the Court should disregard *Pileggi*.

4.  Second, Defendant's reliance on Judge Randolph's concurrence in *Pileggi* fares no better. Judge Randolph's concurrence is not part of the majority holding. *See generally, Smith v. Sch. Bd. Of Concordia Par.*, No. 1:65-CV-11577, 2022 WL 17406335, at *5 (W.D. La. Dec. 2, 2022) ("The concurrence . . . is not part of the majority's opinion, and the views or rationales expressed therein related to the holdings of that decision are not binding on this court"), *aff'd sub nom. Vernon Smith, etc. v. Sch. Bd. Of Concordia Par.*, 88 F.4th 588 (5th Cir. 2023). Nor does Judge Randolph's concurrence directly grapple with the overwhelming judicial authority interpreting the VPPA. Judge Randolph's conclusion that "[s]tatutory context also weighs in favor of limiting the VPPA to physical materials" ignores the legion of cases that have used the VPPA's statutory context to reject his very conclusion. *See Golden v. NBCUniversal Media, LLC*, 688 F.

Supp. 3d 150, 163 (S.D.N.Y. 2023) (collecting cases).  Indeed, the phrase "tangible objects" appears nowhere in the text or legislative history of the VPPA and courts have consistently interpreted the statute to cover digital video materials.  Therefore, Judge Randolph's concurrence in *Pileggi* should be rejected.

5. Third, *Pileggi* is non-binding on this Court.  *See Milofsky v. Am. Airlines, Inc.*, 404 F.3d 338, 346 (5th Cir. 2005).

6. Given the factual differences between Plaintiff's allegations and the *Pileggi* plaintiff's allegations, the legal mismatch to the arguments within Defendant's motion to dismiss, and the non-binding nature of the *Pileggi* decision, this Court should afford the decision no consideration whatsoever.

Dated: August 18, 2025                                   Respectfully submitted,

                                                         **HEDIN LLP**

                                                         */s/ Elliot O. Jackson*
                                                         Elliot O. Jackson
                                                         Florida Bar No. 1034536
                                                         1395 Brickell Ave., Suite 610
                                                         Miami, Florida 33131-3302
                                                         Telephone:   (305) 357-2107
                                                         Facsimile:   (305) 200-8801
                                                         ejackson@hedinllp.com