IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAREN COCHENOUR, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 1:25-CV-00007-RP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendant 360training.com, Inc., d/b/a Mortgage Educators and Compliance ("Mortgage Educators"), by and through its undersigned counsel, hereby gives notice of the Opinions and Orders in *Nixon v. Pond5, Inc.*, No. 1:24-cv-05823 (JLR) (S.D.N.Y July 21, 2025); *Golden v. NBCUniversal Media, LLC*, No. 22 CIV. 9858 (PAE), 2025 WL 2530689 (S.D.N.Y. Sept. 3, 2025); and *Taino v. Bow Tie Cinemas, LLC*, No. 1:23-cv-05371-VSB (S.D.N.Y. Sept. 16, 2025) (attached hereto as Exhibits A, B, and C), which support the arguments Mortgage Educators makes in its pending Motion to Dismiss (ECF No. 10, 11, 13), and which were issued after briefing closed.

In all three Video Privacy Protection Act ("VPPA") cases, the courts granted the defendants' motions to dismiss, holding that the plaintiffs' allegations concerning website transmissions via the Meta Pixel did not constitute personally identifiable information ("PII") as defined by the VPPA. The courts explained that an ordinary person could not, with little or no extra effort, discern allegedly identifying information contained in jumbled lines of code sent to Meta:

> However, I find that it is implausible that an ordinary person would be able to interpret this code, without Plaintiff's emphases with red boxes, "with little or no extra effort," to identify that this was a movie ticket Plaintiff purchased.
>
> ***
>
> Nor is it plausible that an ordinary person would see the nine-line code of the cookie transmitted— which includes the "c_user" phrase—to cross reference it with the www.facebook.com in the URL section and "conclude that the phrase was a person's FID."

(Exhibit C at *17-18; *see also* Exhibit A at 5 ("While Plaintiffs assert that their FIDs can be identified from the c_user cookie and can thus be used to identify their individual video-watching habits, the Second Circuit has now twice rejected this theory, finding it implausible 'that an ordinary person, without [ ] annotation ..., would see the "c_user" phrase on [this transmission] and conclude that the phrase was a person's FID' or 'use an FID to identify [plaintiff]."'); Exhibit B at *7 ("The FAC does not explain how an ordinary person, "with little or no extra effort," could discern that these strings contained Golden's FID or the titles of videos she had watched. At most, the FAC pleads that *Facebook*—through its proprietary systems—could decode these technical strings. But disclosures comprehensible only to Facebook or other sophisticated actors are not PII.".).)

These opinions support Mortgage Educator's argument that the type of information at issue in this case is not PII as defined by the VPPA.

Dated: September 23, 2025                    Respectfully submitted,

                                             BAKER & HOSTETLER LLP

                                             By:  */s/ Rachel Palmer Hooper*

                                                  Rachel Palmer Hooper
                                                  Texas Bar No. 24039102
                                                  811 Main Street, Suite 1100
                                                  Houston, Texas 77002

2

Tel: 713.646.1329
Fax: 713.751.1717
rhooper@bakerlaw.com

*Attorneys for Defendant*

134150.000001\4938-2540-3743.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, September 23, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.


/s/ *Rachel Palmer Hooper*