**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KAREN COCHENOUR, individually and on behalf of others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:25-CV-00007-RP |
| 360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 360training.com, Inc., d/b/a Mortgage Educators and Compliance ("Mortgage Educators"), by and through its undersigned counsel, hereby gives notice of the Memorandum and Opinion in *Banks v. CoStar Realty Information, Inc.*, No. 4:25-CV-00564-CMS, 2025 WL 2959228 (E.D. Mo. Oct. 20, 2025) (attached hereto as Exhibit A), which support the arguments Mortgage Educators makes in its pending Motion to Dismiss (ECF No. 10, 11, 13), and which was issued after briefing closed. Judge Stevens dismissed the plaintiff's Video Privacy Protection Act ("VPPA") claim with prejudice, holding that the defendant was not a video tape service provider and the plaintiff failed to allege that personally identifiable information was disclosed. This supports the arguments Mortgage Educators made in its briefing concerning these elements of the statute, and adopting this interpretation would require dismissal of Plaintiff's VPPA claim.

With respect to the "video tape service provider element," the Court held:

> The plain language of Section 2710(a)(4) requires that a "video tape service provider" is "in the business...of rental, sale, or delivery of" not just any sort of video medium, but specifically "prerecorded video cassette tapes or similar audio visual materials." . . . Thus, for this Court to consider CoStar a "video tape service provider," CoStar must "be in the business...of...delivery of" audio visual materials

> "having characteristics in common" with video cassette tapes, beyond the mere fact that they are "audio visual materials" of any kind…. Here, the videos alleged by Plaintiff are not comparable to prerecorded video cassette tapes beyond their being audio visual materials…. Additionally, even if the prerecorded videos on apartments.com were "similar audio visual materials" to "prerecorded video cassette tapes," CoStar still is not "in the business...of...delivery of prerecorded video cassette tapes or similar audio visual materials." The ordinary meaning of "business" is "[1.]b(1): a usual commercial or mercantile activity customarily engaged in as a means of livelihood and typically involving some independence of judgment and power of decision: OCCUPATION: POSITION: TRADE: LINE." Business, Webster's Third New International Dictionary (1981).
>
> Plaintiff alleges in his Petition and Response that CoStar is in the business of "rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials" because it allows rental listers to post prerecorded video tours to its site as one way to showcase their properties to potential renters. . . . The article cited by Plaintiff demonstrates, more than anything, ***that prerecorded video tours are a fraction of a fraction of how CoStar conducts its business . . . The prerecorded videos that CoStar delivers are in service of its business, but that does not render CoStar "in the business" of delivering them***…. While Plaintiff alleges that CoStar encourages its users to offer video tours (both live and prerecorded), the article reveals that ***CoStar is in the business of connecting property owners and renters, not the delivery of prerecorded video materials similar to video cassette tapes***.

(Ex. A at *3-4 (emphasis added).)

Additionally, with respect to the PII element, the court held:

> Section 2710(a)(3) requires that the information disclosed "identifies a person as having requested or obtained specific video materials or services from a video tape service provider...." . . . Nowhere does Plaintiff allege what information is conveyed by the Meta Pixel ID code or, specifically, that the ID code ***inherently identifies Plaintiff***. Plaintiff does not allege how the Meta Pixel links the string of character in the ID code to a Facebook account or to which Facebook account. Nor does he allege anything about any personally identifiable information contained in his Facebook account. Therefore, the Meta Pixel ID code does not "identify" Plaintiff. That is, according to Plaintiff's Petition, the ID code, in and of itself, does not "establish the identity of" or "show or prove the sameness of" Plaintiff's activity on apartments.com; it merely establishes a connection to a Facebook account that may or may not contain information identifying Plaintiff.

(Ex. A at *4-7 (emphasis added).)

Dated: October 30, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Rachel Palmer Hooper*

Rachel Palmer Hooper
Texas Bar No. 24039102
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: 713.646.1329
Fax: 713.751.1717
rhooper@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 30, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Rachel Palmer Hooper*