# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMSA NGUYEN, et al.,<br>Plaintiffs,<br>v.<br>ELSEVIER INC.,<br>Defendant. | Case No. 25-cv-00825-NC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND REQUEST FOR JUDICIAL NOTICE**<br><br>Re: ECF 40 |

Plaintiffs Kimsa Nguyen and David Garcia bring a putative class action against Defendant Elsevier Inc. alleging one claim for violations of the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710. Plaintiffs' first amended complaint alleges Elsevier installed cookies and scripts on a website, Osmosis.org, that transmitted Plaintiffs' personal information and video-watching behavior to third parties each time they watched a video on Osmosis. Defendant moves to dismiss the first amended complaint, arguing Plaintiffs consented to any disclosure of their information and do not plausibly allege Defendant disclosed their personally identifiable information to others. Defendant requests judicial notice of nine exhibits in support of its arguments. For the reasons below, the Court DENIES Defendant's motion to dismiss and request for judicial notice.

**I.    BACKGROUND**

The Court takes the following facts alleged in the first amended complaint as true for the purposes of this motion. Defendant Elsevier owns and operates Osmosis.org, "a

web-based platform that provides video-based learning resources and study tools for medical, nursing, and health professionals." ECF 38 (FAC) ¶¶ 1, 10. To access Osmosis's video library of over 2,000 pre-recorded videos as a free or paid subscriber, an individual must register with Osmosis by providing their full name and email address. FAC ¶¶ 11–12. Plaintiffs Nguyen and Garcia each registered for Osmosis, in October 2022 and July 2023, respectively. FAC ¶¶ 38–39. Both watched videos on Osmosis. FAC ¶¶ 38–39. Sometimes, Nguyen "was logged into her Meta account on the same browser she used to access Osmosis." FAC ¶ 38.

Osmosis uses Intercom, a customer messaging platform, for customer engagement and support. FAC ¶¶ 15–16. Elsevier deliberately installed Intercom's cookies and scripts on the Osmosis website. FAC ¶¶ 17–18. When Nguyen and Garcia watched "video content on Osmosis, Elsevier disclose[d] to Intercom, in a single transmission, *inter alia*, (a) the title of the video, (b) the subscriber's full name, and (c) the subscriber's email address." FAC ¶¶ 17, 38–39. Elsevier also installed on Osmosis the Meta Pixel—"a snippet of code" offered by Meta Platforms, Inc., that is "embedded on a third-party website" to allow both the website and Meta to track webpage visitor activity in real-time. FAC ¶¶ 23–25. When Nguyen watched a video on Osmosis, Elsevier disclosed to Meta, in a single transmission, her full name, email address, and the title of the video she viewed. FAC ¶ 38.

Plaintiffs filed a complaint for a putative class action against Defendant Elsevier. ECF 1. The Court denied Defendant's motion to dismiss the complaint. ECF 27. Plaintiffs nonetheless filed a first amended complaint. FAC. Defendant filed a motion to dismiss. ECF 40 (Mot.). Plaintiffs opposed, ECF 43 (Opp'n), and Defendant replied, ECF 44 (Reply). All parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

The VPPA prohibits a video tape service provider from knowingly disclosing, to any person, personally identifiable information (PII) concerning any consumer, absent certain enumerated exceptions. 18 U.S.C. § 2710(b)(1). Thus, "to plead a plausible claim under section 2710(b)(1), a plaintiff must allege that (1) a defendant is a 'video tape service provider,' (2) the defendant disclosed 'personally identifiable information concerning any customer' to 'any person,' (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by section 2710(b)(2)." *Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 878 (N.D. Cal. 2025) (quoting *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015)). One exception under § 2710(b)(2) allows the disclosure of PII if various criteria establish the consumer provided "informed, written consent." 18 U.S.C. § 2710(b)(2)(B).

In the Ninth Circuit, PII "means only that information that would 'readily permit an ordinary person to identify a specific individual's video-watching behavior.'" *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017); *see* 18 U.S.C.

3

§ 2710(a)(3). "Personally identifiable information includes information that 'standing alone, identifies a person' as well as information that is 'capable of' identifying a person.'" *Lee v. Plex, Inc.*, 773 F. Supp. 3d 755, 772 (N.D. Cal. 2025) (quoting *Eichenberger*, 876 F.3d at 984).

Defendant moves to dismiss Plaintiffs' VPPA claim by arguing (1) it is barred by Plaintiffs' consent and that (2) Plaintiffs fail to plausibly allege the disclosure of PII to either Meta or Intercom. Both arguments fall short. Because Defendant's first argument concerning consent rests on its accompanying request for judicial notice, the Court begins by addressing the request.

### A. Defendant's Request for Judicial Notice is Denied

Defendant argues that Plaintiffs consented to disclosure of their PII under § 2710(b)(2)(B) by agreeing to Defendant's Privacy Policy and Cookie Notice, which users must do to register for an Osmosis account. Mot. 8–15. Accordingly, Defendant asks the Court to take judicial notice of, or treat as incorporated by reference, nine exhibits, including Defendant's Privacy Policy from 2022 and 2023, Osmosis's registration webpage from 2022 and 2023, Defendant's Cookie Notice from 2022 and 2023, and Osmosis's cookie banner from 2022 and 2023. ECF 40-1. The Court declines.

"The court may judicially notice a fact that is not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The exhibits provided by Defendant are inappropriate for judicial notice, particularly at the motion to dismiss stage. Defendant not only proffers the exhibits to establish their defense that Plaintiffs encountered and agreed to these webpages and policies, but Plaintiffs also dispute the accuracy of the exhibits and the purported functionality of the webpages. *See* Opp'n 6–7; *Jackson v. Fandom*, No. 22-cv-04423-JST, 2023 WL 4670285, at *2 (N.D. Cal. July 20, 2023) (denying similar request in a VPPA case where it was "unclear whether the webpages, Terms of Use, and Privacy Policy submitted by Fandom are the same versions that may have been available to Jackson when she registered as a user"); *Balestrieri v.*

4

*SportsEdTV*, No. 25-cv-04046-SK, 2025 WL 2776356, at *2 (N.D. Cal. Sep. 16, 2025) (denying judicial notice in a VPPA case because "Defendant essentially requests the Court accept as facts that the webpages submitted are the ones Plaintiff viewed and that Defendant did not transmit the video titles viewed by users. Not only are those facts disputed, but they form the crux of the dispute underlying this case"). The request for judicial notice is denied.

"[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.* (citation omitted). Plaintiff's first amended complaint nowhere invokes Defendant's Cookie Notice, nor the webpages and their functionalities. And merely referencing the need to register for Osmosis to view videos is insufficient for the registration webpages to form the basis of the VPPA claim. *See* FAC ¶ 12. The Cookie Notice and webpages, then, are "only relevant to Defendant's consent defense." *Balestrieri*, 2025 WL 2776356, at *3; *Khoja*, 899 F.3d at 1002 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.").

Plaintiffs concede that they quote part of Defendant's Privacy Policy in their first amended complaint. Opp'n 7; *see* FAC ¶ 19. Even if, as a result, Plaintiffs incorporate by reference the Privacy Policy (which the Court does not decide), Defendant is asking the Court to use the Privacy Policy to accept as true their proffer that all subscribers, including Plaintiffs, had to agree to the Privacy Policy to register for Osmosis—a fact that is not apparent from the Privacy Policy—and affirmatively decide their consent defense. "This is not permissible at the pleading stage and is not an appropriate application of the doctrine" of incorporation by reference. *Thornton v. Mindvalley, Inc.*, No. 24-cv-00593-EKL, 2025 WL 877714, at *3 (N.D. Cal. Feb. 14, 2025). The Court is especially disinclined to treat the Privacy Policy as incorporated by reference, and its contents as true,

5

because Plaintiffs dispute the implications of the Privacy Policy on their VPPA claim and Defendant's consent defense. *See* Opp'n 11–13. In fact, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003.

In sum, the Court denies Defendant's request to take judicial notice of or find incorporated by reference the nine exhibits presented. *See* ECF 40-1. Against this backdrop, Defendant's argument that Plaintiffs' first amended complaint is barred by consent fails. The Court agrees with Plaintiffs that determining whether Plaintiffs consented to the disclosure of PII pursuant to § 2710(b)(2)(B) is a "fact-intensive inquiry" inappropriate for a motion to dismiss and would require the resolution of too many facts not presently before the Court. The same would have been true even if the Court was to consider Defendant's exhibits. *See Fan v. NBA Props. Inc.*, No. 23-cv-05069-SI, 2024 WL 1297643, at *3 (N.D. Cal. Mar. 26, 2024) (finding consent argument in VPPA case "premature" on a motion to dismiss because whether reasonable consumers would understand "they were consenting to the disclosure of their personally identifiable information to Meta[] is a question that should be resolved on a fuller factual record.").

### B. Plaintiffs Plausibly Allege the Disclosure of Personally Identifiable Information to Meta and Intercom

Defendant also moves to dismiss Plaintiffs' VPPA claim by arguing Plaintiffs fail to adequately allege Elsevier transmitted PII to Meta or Intercom.

As to the alleged Meta disclosure, Defendant argues that Plaintiffs fail to state a claim because they do not allege "Elsevier disclosed [Nguyen's] unencrypted Facebook ID" or any information that would link Nguyen's "Meta account to specific Osmosis video viewing activity." Mot. 16. Even if they did, Defendant argues Plaintiffs also needed to allege Nguyen's Facebook or Meta account contained personally identifying information. Mot. 17. Plaintiffs counter that Defendants' arguments are inapplicable because the first amended complaint does not allege the Meta Pixel transmitted Nguyen's Facebook ID.

6

1 Opp'n 17. The Court agrees.

2 The cases cited by Defendants analyze whether, and when, the disclosure of a
3 Facebook ID through the Meta Pixel constitutes the disclosure of PII. This is because
4 Facebook IDs—strings of numbers—beg the question of whether an ordinary person can
5 discern personal and identifying information about a consumer from these IDs, whether by
6 accessing their Facebook page that contains such information or otherwise. *See Ghanaat*
7 *v. Numerade Labs, Inc.*, 689 F. Supp. 3d 714, 720 (N.D. Cal. 2023); *Sellers v. Bleacher*
8 *Report, Inc.*, No. 23-cv-00368-SI, 2023 WL 4850180, at *4–5 (N.D. Cal. July 28, 2023).
9 But Plaintiffs do not allege that the Meta Pixel disclosed Nguyen's Facebook ID to Meta.
10 Rather, Plaintiffs allege that each time Nguyen viewed a video on Osmosis, Elsevier
11 disclosed to Meta in a single transmission her full name, email address, and the title of the
12 video she viewed. FAC ¶ 38. When combined with information disclosing a consumer's
13 video-watching behavior, names and email addresses can identify a person and therefore
14 qualify as PII. *See Eichenberger*, 876 F.3d at 986; *Ghanaat*, 689 F. Supp. 3d at 720; *Lee*,
15 773 F. Supp. 3d at 772–73. As such, it is not clear why, as Defendants argue, Plaintiffs
16 need to allege any information concerning Nguyen's Facebook ID or profile.

17 On reply, Defendants argue that "an ordinary person cannot recognize the data
18 transmitted via Meta Pixel." Reply 11. But what information the Meta Pixel transmits to
19 Meta—whether a readily discernable name and email address, or a numeric Facebook
20 ID—is a question of fact not yet ripe for review. *See also* Reply 10 ("[C]laiming that
21 Ngyuyen's [*sic*] email, name, and video title were sent to Meta doesn't meet VPPA
22 pleading standards because, as courts have found, that is not how the technology
23 functions."). Defendant also offers no support for the idea that Plaintiffs must allege the
24 form in which the PII was transmitted to Meta via the Pixel—e.g. in code, as plain
25 language, or as a cookie. *See Sellers*, 2023 WL 4850180, at *4–5 (ignoring arguments on
26 the form in which PII was transmitted at the motion to dismiss stage and concluding that
27 "[a]lthough the mode through which the information was transmitted may have been the
28 c_user cookie, the information itself – the [Facebook ID] – is information sufficient to

7

identify a person"). Plaintiffs therefore plausibly allege the disclosure of PII to Meta.

Plaintiffs also adequately allege the disclosure of PII to Intercom. Like their allegations concerning the Meta disclosures, Plaintiffs allege the Intercom cookies and scripts Elsevier installed on Osmosis disclosed their names, email addresses, and the title of any video they watched in a single transmission to Intercom each time they watched a video. FAC ¶¶ 17, 38–39. Other courts have found similar allegations sufficient at the pleading stage. *See Lee*, 773 F. Supp. 3d at 772 (finding sufficient allegations that the defendant disclosed users' Facebook ID, email address, and the title of videos viewed); *Edwards*, 773 F. Supp. 3d at 878–79; *Jackson*, 2023 WL 4670285, at *4–5; *Ade v. Viki, Inc.*, No. 23-cv-02161-RFL, 2024 WL 1880153, at *2 (N.D. Cal. Mar. 28, 2024). Defendant argues Plaintiffs no longer plausibly allege the disclosure of PII to Intercom because, by removing a screenshot included in their initial complaint that showed the transmission of PII through code to Intercom, their allegations are now conclusory. Opp'n 17–18; *see* ECF 1 ¶ 19. Although the removal of the screenshot in the first amended complaint does not strengthen Plaintiffs' claim, the Court disagrees that Plaintiffs have pleaded themselves out of a VPPA claim entirely.

## IV. CONCLUSION

The Court DENIES Defendant's motion to dismiss the first amended complaint and request for judicial notice. Defendant must file an answer to the first amended complaint by October 21, 2025. *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: October 7, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge