# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

KAREN COCHENOUR, individually and on behalf of others similarly situated,

     Plaintiff,

v.

360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC.,

     Defendant.

Civil Action No. 1:25-CV-00007-RP

## <u>DEFENDANT'S OPPOSED MOTION TO AMEND IN PART AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND TO STAY</u>

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

LEGAL STANDARD ........................................................................................................3

ARGUMENT .....................................................................................................................3

I.      This Court should certify its order as to standing. ...............................................3

      A.      Standing Is A Controlling Question of Law. ............................................4

      B.      There Is A Substantial Ground for Difference of Opinion. ......................5

      C.      An Immediate Appeal Will Materially Advance the Litigation. ............11

II.     A Stay Is Warranted Pending the Fifth Circuit's Disposition............................11

CONCLUSION.................................................................................................................13

134150.000001\4923-5825-6248.4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abecassis v. Wyatt*,
  No. H-09-3884, 2014 U.S. Dist. LEXIS 153934 (S.D. Tex. Oct. 29, 2014) ...........................4

*Armour & Co. v. Wantock*,
  323 U.S. 126 (1944)......................................................................................................7

*Barclift v. Keystone Credit Services, LLC*,
  93 F.4th 136 (3d Cir. 2024) ........................................................................................10

*Caterpillar Inc. v. Lewis*,
  519 U.S. 61 (1996).........................................................................................................3

*Cox Broad. Corp. v. Cohn*,
  420 U.S. 469 (1975)......................................................................................................7

*Davis v. FEC*,
  554 U.S. 724 (2008).......................................................................................................6

*Estrada v. White*,
  No. 2:14-CV-149, 2015 U.S. Dist. LEXIS 106172 (S.D. Tex. Aug. 12, 2015) ......................4

*Greinstein v. Granite Servs. Int'l, Inc.*,
  No. 2:18-cv-208, 2023 WL 5167606 (N.D. Tex. June 28, 2023)............................................9

*Hopkins v. Cornerstone Am.*,
  No. 4:05-cv-332, 2007 WL 9772306 (N.D. Tex. Aug. 1, 2007) .............................................9

*Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*,
  48 F.4th 1236 (11th Cir. 2022) ................................................................................8, 10

*Landis v. North American Co.*,
  299 U.S. 248 (1936).....................................................................................................12

*Landry v. Air Line Pilots Ass'n International AFL-CIO*,
  901 F.2d 404 (5th Cir. 1990) .......................................................................................13

*Lemery v. Ford Motor Company*,
  244 F. Supp. 2d 720 (S.D. Tex. 2002) ........................................................................11

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992).................................................................................................4, 6, 7

134150.000001\4923-5825-6248.4

*McClelland v. Gronwaldt*,
  958 F. Supp. 280 (E.D. Tex. 1997) ...................................................................11

*Missouri v. Biden*,
  662 F. Supp. 3d 626 (W.D. La. 2023) ................................................................12

*Nabozny v. Optio Solutions LLC*,
  84 F.4th 731 (7th Cir. 2023) ..............................................................................10

*In re Nickelodeon Consumer Priv. Litig.*,
  827 F.3d 262 (3d Cir. 2016) ...............................................................................10

*Nuziard v. Minority Bus. Dev. Agency*,
  721 F. Supp. 3d 431 (N.D. Tex. 2024) .................................................................4

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.*,
  45 F.4th 816 (5th Cir. 2022) ............................................................................6, 8

*Perry v. Cable News Network, Inc.*,
  854 F.3d 1336 (11th Cir. 2017) ..........................................................................10

*Petrus v. Bowen*,
  833 F.2d 581 (5th Cir. 1987) ..............................................................................12

*In re Ramu Corp.*,
  903 F.2d 312 (5th Cir. 1990) ..............................................................................12

*Reiter v. Sonotone Corp.*,
  442 U.S. 330 (1979) ..............................................................................................7

*Rivera v. Wyeth-Ayerst Lab'ys*,
  283 F.3d 315 (5th Cir. 2002) ................................................................................5

*Ryan v. Flowserve Corp.*,
  444 F. Supp. 2d 718 (N.D. Tex. 2006) .................................................................9

*Salazar v. Nat'l Basketball Ass'n*,
  118 F.4th 533 (2d Cir. 2024) ..............................................................................10

*Shields v. Professional Bureau of Collections of Maryland, Inc.*,
  55 F.4th 823 (10th Cir. 2022) .............................................................................10

*Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*,
  125 F.4th 593 (5th Cir. 2025) ..............................................................................4

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ..............................................................................................4

*Star-Telegram, Inc. v. Doe,*
    915 S.W.2d 471 (Tex. 1995) ................................................................................6

*In re Taxotere (Docetaxel) Prods. Liab. Litig.,*
    No. 16-17583, 2022 WL 16923721 (E.D. La. Nov. 14, 2022) ...............................10

*Town of Chester, N.Y. v. Laroe Ests., Inc.,*
    581 U.S. 433 (2017) ..............................................................................................12

*TransUnion LLC v. Ramirez,*
    594 U.S. 413 (2021) ..................................................................................... *passim*

*U.S. v. Caremark, Inc.,*
    634 F.3d 808 (5th Cir. 2011) .................................................................................3

*Warth v. Seldin,*
    422 U.S. 490 (1975) ...............................................................................................5

**Statutes**

18 U.S.C. §§ 2710, *et seq.* ..............................................................................................2

28 U.S.C. § 1292(b) ..................................................................................................1, 3

**Rules**

Fed. R. Civ. P. 12(b)(1) .............................................................................................2, 4

Fed. R. Civ. P. 26(c) ....................................................................................................13

**Other Authorities**

Criteria for Permissive Appeal, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ...............................5

https://mortgageeducators.com/ .....................................................................................2

Restatement (Second) of Torts § 652D(a) (1977) .............................................6, 7, 8, 9

U.S. Const. art. III .......................................................................................... *passim*

## INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), Defendant 360training.com, Inc., d/b/a Mortgage Educators and Compliance ("Mortgage Educators") respectfully moves this Court to amend in part its Order Denying Mortgage Educators' Motion to Dismiss (the "Order") (ECF No. 37) to include the following language: "The Court hereby certifies for interlocutory appeal to the Fifth Circuit the Order's determination that Article III standing has been alleged in this case. This Order raises the following questions on which there is a reasonable ground for difference of opinion: (1) whether a complaint that alleges only the non-public transfer of information concerning the plaintiff's specific means of complying with publicly known professional licensure requirements, and does not allege that the disclosure would offend a reasonable person, plausibly alleges a cognizable injury-in-fact, and (2) whether consumers suffer a concrete injury when their information is disclosed to a single business, rather than the public at large, where similar non-public disclosures are not actionable at common law." The Court should also stay these proceedings pending the Fifth Circuit's consideration of the appeal.

All factors related to the certification inquiry are satisfied here. First, the Court's Order finding that Plaintiff alleged a cognizable injury-in-fact "involves a controlling question of law," as a contrary outcome on this purely legal issue would end this case entirely. Second, there is "substantial ground for a difference of opinion" because the Court applied a blanket rule that disclosure of specific facts not known publicly fit the traditional conception of an invasion-of-privacy interest, even if those facts are inextricably related to publicly known facts. No one could deny that the Court's ruling is plausible; but because the common law has traditionally treated only disclosures that would offend a reasonable person as tortious, Mortgage Educators' position is equally plausible. The Fifth Circuit should be afforded the opportunity to address this difficult and

novel question. Third, an immediate appeal will materially advance the termination of this litigation. The Fifth Circuit's decision could end this case altogether. But, without an appeal, the parties and the Court face lengthy, burdensome litigation—including potentially extensive fact discovery, expert discovery, motion practice, and trial—even though the Fifth Circuit may ultimately conclude that jurisdiction was lacking all along.

Mortgage Educators states that the parties disagree on whether an interlocutory appeal is appropriate and whether the case should remain stayed pending resolution of any interlocutory appeal.

## **BACKGROUND**

Mortgage Educators is an online training provider offering state-approved prelicensure education and continuing education for mortgage loan originators ("MLOs"). (*See* ECF No. 10-1 ¶ 4.) Mortgage Educators operates a website, https://mortgageeducators.com/ (the "Website") (Compl. ¶ 45) that offers online prelicensure and continuing education courses for purchase. (*See* ECF No. 10-1 ¶ 5.) Plaintiff Karen Cochenour ("Plaintiff") alleges that she purchased prerecorded video material from the Website, and that Mortgage Educators shared her personal information and purchase information with Meta, allegedly in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. §§ 2710, *et seq.* (Compl. ¶ 47.)

In its motion to dismiss, Mortgage Educators argued that Plaintiff has no Article III standing to bring this suit, and her claims must be dismissed under Fed. R. Civ. P. 12(b)(1), because the information she alleges was disclosed—concerning her completion of continuing education courses required to maintain her MLO license—is within the genre of information within the public domain, she does not allege any traditionally recognized harm, and she consequently has no injury-in-fact. (ECF No. 10 at 2-9). This Court denied Mortgage Educators' motion to dismiss

on November 3, 2025. (ECF No. 37.)

## LEGAL STANDARD

28 U.S.C. § 1292(b) governs when a district court may certify an interlocutory order for appeal. It allows for the court to do so where the order (1) "involves a controlling question of law," (2) as to which "there is substantial ground for difference of opinion" and where (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The district court's decision to certify an order for interlocutory appeal and the Fifth Circuit's decision to accept the appeal are discretionary. *See U.S. v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011); 28 U.S.C. § 1292(b). Relief is granted only in "exceptional cases," *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

## ARGUMENT

## I.    THIS COURT SHOULD CERTIFY ITS ORDER AS TO STANDING.

The Court should certify this case for interlocutory appeal to permit the Fifth Circuit to address: (1) whether a complaint that alleges only the non-public transfer of information concerning the plaintiff's specific means of complying with publicly known professional licensure requirements, and does not allege that the disclosure would offend a reasonable person, plausibly alleges a cognizable injury-in-fact, and (2) whether consumers suffer a concrete injury when their information is disclosed to a single business, rather than the public at large, where similar non-public disclosures are not actionable at common law." The Court's determination that Plaintiff has Article III standing in this case meets the statutory criteria for interlocutory appeal: standing is a "controlling question of law"; there is "substantial ground" for a difference of opinion because this is a novel question of law; and immediate appeal would "materially advance" the case because, if reversed, this case would be terminated. 28 U.S.C. § 1292(b).

### A.    Standing Is A Controlling Question of Law.

To have standing under Article III of the U.S. Constitution, Plaintiff must allege she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To meet the first requirement, she must allege she has suffered a "concrete – that is, real, and not abstract" injury that has a "close historical or common-law analogue" "traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-25 (2021) (internal quotation marks omitted).

Standing is a constitutional requirement, and a court faced with a challenge to standing must resolve that issue before proceeding further with the case. *Nuziard v. Minority Bus. Dev. Agency*, 721 F. Supp. 3d 431 (N.D. Tex. 2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992)). Accordingly, controlling questions of law "'include ... whether a claim exists as a matter of law, whether a defense that will defeat the claim is available, and *questions as to subject-matter jurisdiction*, proper venue, personal jurisdiction, and standing to maintain the action.'" *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 598–99 (5th Cir. 2025) (emphasis added); *Estrada v. White*, No. 2:14-CV-149, 2015 U.S. Dist. LEXIS 106172, at *6 (S.D. Tex. Aug. 12, 2015) ("An issue of law is controlling if the reversal of the district court's order would terminate the litigation."); *Abecassis v. Wyatt*, No. H-09-3884, 2014 U.S. Dist. LEXIS 153934, at *69 (S.D. Tex. Oct. 29, 2014) (same).

Here, Mortgage Educators moved to dismiss Plaintiff's claim under Federal Rules of Civil Procedure 12(b)(1) on the grounds that Plaintiff lacks Article III standing because she did not suffer an injury-in-fact where the information allegedly disclosed in this case was publicly available information concerning her completion of mortgage loan originator continuing education

requirements required by federal and state law. (ECF No. 10 at 2-9.) Mortgage Educators'

argument against Article III standing is accordingly a controlling question of law as to this Court's

ability to hear the merits of a case, so the first element is satisfied. *Cf.* ECF No. 29 at 3 (citing

*Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)); *see also id.* ("Here, the Court is persuaded that

Defendant has raised a plausible defense of lack of standing which could implicate the Court's

subject matter jurisdiction to hear the merits of Plaintiff's VPPA claim."); Criteria for Permissive

Appeal, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("A steadily growing number of decisions,

however, have accepted the better view that a question is controlling, even though its disposition

might not lead to reversal on appeal, if interlocutory reversal might save time for the district court,

and time and expense for the litigants.").

Additionally, Article III standing is a threshold legal issue, and the Fifth Circuit would not

need to make any factual findings to answer this question. *Cf. Rivera v. Wyeth-Ayerst Lab'ys*, 283

F.3d 315, 319 (5th Cir. 2002) ("Standing is a question of law that we review de novo."). The Fifth

Circuit's resolution of this question involves the application of Article III, not adjudicating the

complaint's factual allegations, and Plaintiff did not contradict any of the evidentiary matters in

Mortgage Educators' declaration on federal and state MLO requirements and their public nature.

Rather, the issue for appeal is whether Plaintiff's allegations establish a concrete, particularized

injury-in-fact under Article III where Plaintiff has not contested that her continuing education

requirements are within the public realm. This is a pure question of law.

**B.      There Is A Substantial Ground for Difference of Opinion.**

The Court's ruling presents a substantial ground for difference of opinion by finding

standing based on a non-public disclosure as to which no harm—apart from a statutory violation—

was alleged. The injury-in-fact requirement is not "automatically" met merely because "a statute

grants a person a statutory right." *TransUnion*, 594 U.S. at 426. Here, the Complaint alleges only

that Mortgage Educators violated the VPPA, not that Plaintiff suffered any concrete or particularized harm. *See* ECF No. 1, ¶¶ 9–14, 66–70; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (requiring "factual allegations of injury" at "the pleading stage"). Nor would any allegation of harm be plausible where (1) the information allegedly disclosed concerned publicly ascertainable licensure requirements and (2) was transferred to a single entity and not made available to the public. *See* ECF No. 10 at 3–9. The Court's order found that this case concerns a traditionally recognized injury from "disclosure of private information" because "the specific videos that [Plaintiff] purchased" was not public knowledge. ECF No. 37 at 6–7. Reasonable minds, however, could view this novel question differently.

1.     Precedent asks whether an alleged injury "bear[s] a 'close relationship' to injuries that courts have traditionally recognized as concrete." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 822 (5th Cir. 2022) (citation omitted). The law has not traditionally applied a blanket prohibition on "disclosure of private information." ECF No. 37 at 7. Under cross-cutting common law principles, a disclosure is tortious if it "would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652D(a) (1977) (Second Restatement); *see Perez*, 45 F.4th at 825 n.3 (directing the inquiry to Restatement law); *see also Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995) ("[W]e cannot say that the articles in question … disclosed embarrassing private facts"). "The ordinary reasonable man does not take offense at a report in a newspaper that he has returned from a visit, gone camping in the woods or given a party at his house for his friends," or even "that the plaintiff has clumsily fallen downstairs and broken his ankle." Second Restatement § 652D cmt. c.[1]

---

[1] Four words in *TransUnion*, "disclosure of private information," do not counsel otherwise. 594 U.S. at 425. The case it cited involved a disclosure that would offend a reasonable person. *See Davis v. FEC*, 554 U.S. 724, 733 (2008) (explaining the plaintiff "had been forced … to disclose to his [election] opponent that he intended to spend more than $350,000 in personal funds" and

Here, the Complaint does not allege that any disclosure of the content of Plaintiff's purchased materials would offend a reasonable person—or even that Plaintiff was *actually* offended. Nor would any such allegation be plausible. Because Plaintiff is a licensed mortgage loan originator, the fact that she takes continuing education courses from among a set approved by authorities is publicly available information. *See* ECF No. 10 at 3–9.  Second Restatement § 652D cmt. b ("There is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public."); *see also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 487–96 (1975). While "the specific videos that [Plaintiff] purchased" may not have been within the public domain, ECF No. 37 at 6–7, it is difficult to see how anyone could be offended by the marginal difference between disclosure that she took *some* continuing education courses from a given body of permitted courses and disclosure of *which* courses she took. If it was public knowledge that a person attended a given conference with a given set of speaking sessions, one could not reasonably be offended by disclosure of the specific sessions that person attended within the conference. Under the circumstances, the disclosures alleged here are no more—and actually quite a bit less—offensive than disclosure that someone "returned from a visit," went "camping in the woods," gave "a party at his house for his friends," or "clumsily" broke a bone. Second Restatement § 652D cmt. c. In all events, the case must be founded on "harms that 'exist' in the real world before Congress recognized them to actionable legal status." *TransUnion*, 594 U.S. at 426. The Complaint does not allege that. *See Lujan*, 504 U.S. at 561.

---

"faced the imminent threat that he would have to follow up on that disclosure with further notifications after he in fact passed the $350,000 mark"). *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 341 (1979) ("the language of an opinion" should not be "parsed" like the "language of a statute"); *Armour & Co. v. Wantock*, 323 U.S. 126, 132–33 (1944) ("It is timely again to remind counsel that words of our opinions are to be read in the light of the facts of the case under discussion").

Accordingly, even if a plaintiff need not "allege[] each element of a Texas common-law claim for publication of private facts" to show standing, Article III is not satisfied merely because the plaintiff alleges "that private information was disclosed." ECF No. 37 at 7. As the Court correctly explained, the complaint must allege "a type of harm that the common law has recognized as actionable." *Id.* at 7 (quoting *Perez*, 45 F.4th at 822). The law—both in Texas and elsewhere—recognizes as actionably only a subset of disclosures that are reasonably deemed offensive. For Congress to render disclosures beyond that actionable is a difference "in kind, not degree" from the traditional notion of injury. *Perez*, 45 F.4th at 822 (citation omitted). Because the Court did not require any allegations that the alleged disclosure fit within the realm of actionable disclosures, its order presents a reasonable ground for a difference of opinion.

2.    A second ground for difference of opinion arises from the fact that the alleged disclosure was not to the public but rather to a single entity. The traditional "invasion of the right of privacy" recognized as actionable "depends upon publicity." Second Restatement § 652D cmt. a. This "differs from 'publication,' . . . in connection with liability for defamation," where "any communication by the defendant to a third person" qualifies. *Id.* By contrast, publicity in the invasion-of-privacy setting requires "that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* "Publicity, in short, is a well-known and longstanding concept in American law." *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1246 (11th Cir. 2022).

Plaintiff, however, does not allege publicity here. Mortgage Educators is alleged to have effectuated transfers of information from its computer system to the computer system of a single company (Meta). *See* ECF No. 1 ¶¶ 27–55. The Complaint does not allege that a single human

being at Meta knows Plaintiff viewed 2023 1 Hour PA SAFE State Law Continuing Education Course #15061, and it is a near certainty that no one in fact knows this. The disclosure is a tree falling in the virtual world that no one hears—no one is gossiping about Plaintiff's choice of Course #15061, or second-guessing it, imagining how he would have chosen differently, or thinking about it at all. And, in all events, the Complaint does not (and could not) allege communication to "the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Second Restatement § 652D cmt. a. There is no "real impact on real persons" in this case, *TransUnion*, 594 U.S. at 424, but simply the hope of damages collection by virtue of statutory cause of action.

The Court order does not address this problem, even though Mortgage Educators' briefing prominently raised it. ECF No. 10 at 8–9. On this ground too, reasonable minds could think the order is mistaken.

3.    The Court need not express that it "is not confident in its decision" to see the "substantial ground for difference of opinion." *Hopkins v. Cornerstone Am.*, No. 4:05-cv-332, 2007 WL 9772306, at *6 (N.D. Tex. Aug. 1, 2007). It is enough that this case presents "a close call." *Id.* The Court already recognized this in granting Mortgage Educators' opposed motion to stay pending resolution of its motion to dismiss, explaining that "Defendant has raised a plausible defense of lack of standing" that required resolution "in the context of this case." (ECF No. 29 at 3.). Notwithstanding the Court's subsequent resolution, the defense remains compelling for the reasons just set forth.

There is a substantial ground for difference of opinion for the additional reason that the question presented is "novel and difficult." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) (citation omitted); *Greinstein v. Granite Servs. Int'l, Inc.*, No. 2:18-cv-208, 2023

WL 5167606, at *2 (N.D. Tex. June 28, 2023) ("Courts have found substantial ground for difference of opinion where "'novel and difficult questions of first impression are presented.'"); *see also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. 16-17583, 2022 WL 16923721, at *5 (E.D. La. Nov. 14, 2022). It appears that no court within the Fifth Circuit have spoken to the circumstances under which disclosures prohibited by the VPPA create a cognizable injury-in-fact. Mortgage Educators's position finds support in the many decision finding no injury-in-fact in cases under other statutes. *See, e.g., Barclift v. Keystone Credit Services, LLC*, 93 F.4th 136, 145 (3d Cir. 2024) (holding consumer did not establish injury sufficient to confer standing in Fair Debt Collection Practices Act case); *Nabozny v. Optio Solutions LLC*, 84 F.4th 731, 733 (7th Cir. 2023) (same); *Shields v. Professional Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 827 (10th Cir. 2022) (same); *Hunstein v. Preferred Collection & Management Services, Inc.*, 48 F.4th 1236, 1240 (11th Cir. 2022) (en banc) (same).

Meanwhile, the VPPA cases Plaintiff has cited found injury-in-fact under circumstances where a reasonable person may be offended by public disclosure of that person's private "loves, likes, and dislikes." ECF No. 1 ¶ 6 (citation omitted); *see Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1339 (11th Cir. 2017) (choice of news networks); *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 542 (2d Cir. 2024)[2] (choice of sporting events to view); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 268 (3d Cir. 2016) (choice of sitcoms and games). No decision cited in this case extends the concept of standing in a setting like this. Accordingly, this case presents an ideal vehicle for the Fifth Circuit to provide much needed guidance.

---

[2] A petition for certiorari is pending before the Supreme Court in this case, which has rescheduled consideration of the case five times. *See Nat'l Basketball Ass'n v. Salazar*, No. 24-994, distributed for conference 9/29/25, 10/10/25, 10/17/25, 11/7/25, 11/14/25 (U.S.) (no further conference scheduled). The Supreme Court itself appears to be finding these types of issues difficult.

### C.     An Immediate Appeal Will Materially Advance the Litigation.

For the same reasons that there is a controlling issue of law, if the Court certifies the standing question for appeal, it would materially advance the ultimate termination of this case. If Mortgage Educators were to prevail, the entire case would be dismissed for lack of Article III standing, saving the parties' and the Court's time and resources. *See Lemery v. Ford Motor Company*, 244 F.Supp.2d 720, 728 (S.D. Tex. 2002) (granting certification on court's subject matter jurisdiction and finding that "it would pain the Court to see both attorneys of this excellence and well motivated Parties proceed to judgment after considerable expense and delay, only to discover that the judgment must be overturned on appeal because the federal judiciary lacks subject matter jurisdiction.").

Indeed, the mere possibility of complete termination is enough to satisfy the third element. The burden of putative class-action litigation also supports certification. Without an appeal, the parties face the prospect of spending hundreds of thousands of dollars on years of fact discovery and expert discovery—not to mention motion practice and potential trial—when it could all be obviated by an immediate appeal to the Fifth Circuit. *McClelland v. Gronwaldt*, 958 F. Supp. 280, 283 (E.D. Tex. 1997) ("There may be hundreds, even thousands, persons affected by the resolution of this (no opt out?) class action, and the issue of whether this court has jurisdiction to adjudicate this dispute is certainly material to the ultimate termination of this litigation.").

Accordingly, as all three factors are met, this Court should amend its order and certify the question of standing for interlocutory appeal to the Fifth Circuit.

## II.     A STAY IS WARRANTED PENDING THE FIFTH CIRCUIT'S DISPOSITION.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Allowing the case to continue before the Fifth Circuit, in its discretion, determines whether subject matter jurisdiction exists raises concerns about overstepping a court's authority because a federal court acting without subject-matter jurisdiction violates federalism and separation-of-powers principles underlying our constitutional system. *Missouri v. Biden*, 662 F. Supp. 3d 626, 647 (W.D. La. 2023) ("The "law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.") (quoting *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 435 (2017)). If this Court amends its order and certifies the order as to standing, a stay is warranted pending resolution of Mortgage Educators' application for interlocutory appeal to the Fifth Circuit because the appeal would address a threshold issue about whether this case may proceed.

A ruling in Mortgage Educators' favor would end this case, and Article III standing is not an issue that could be cured through amendment. Furthermore, Mortgage Educators' petition would be due to the Fifth Circuit within ten days of certification, so the Fifth Circuit's decision on whether to allow the appeal will not prejudice either party, as the Parties will likely know the outcome of the initial petition within a matter of months. In contrast, the Parties and the Court would waste significant resources if this case moves into discovery before resolution of a threshold issue.

In the alternative, Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A stay of discovery is appropriate where the disposition of a motion "might preclude the need for the discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 111 S.Ct. 244 (1990). Here, Article III standing remains a threshold issue and controlling question of law, so if the Court certifies its order for interlocutory review, the Court should exercise its discretion to stay discovery pending the Fifth Circuit's disposition of the petition so Mortgage Educators is not forced into spending significant time and money on discovery on a single claim that could be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should modify its Order to include the following language: "The Court hereby certifies for interlocutory appeal to the Fifth Circuit the Order's determination that Article III standing has been alleged in this case. This Order raises the following questions on which there is a reasonable ground for difference of opinion: (1) whether a complaint that alleges only the non-public transfer of information concerning the plaintiff's specific means of complying with publicly known professional licensure requirements, and does not allege that the disclosure would offend a reasonable person, plausibly alleges a cognizable injury-in-fact, and (2) whether consumers suffer a concrete injury when their information is disclosed to a single business, rather than the public at large, where similar non-public disclosures are not actionable at common law" and stay proceedings in this Court pending disposition by the Fifth Circuit.

Dated: November 14, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By:     */s/ Rachel Palmer Hooper*     _____

Rachel Palmer Hooper
Texas Bar No. 24039102
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: 713.646.1329
Fax: 713.751.1717
rhooper@bakerlaw.com

*Attorneys for Defendant*

- 14 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, November 14, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Rachel Palmer Hooper*