IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KAREN COCHENOUR, § | |
| § | |
| Plaintiff, § | |
| § | 1:25-CV-00007-RP |
| v. § | |
| § | |
| 360Training.com, INC., d/b/a MORTGAGE § | |
| EDUCATORS and COMPLIANCE, INC., § | |
| Defendant. § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND IN PART, CERTIFY AN INTERLOCUTORY APPEAL, AND <u>TO STAY THESE PROCEEDINGS</u>**

Plaintiff Karen Cochenour respectfully submits this response in opposition to Defendant's Motion to Amend in Part, Certify an Interlocutory Appeal, and to Stay these Proceedings. ECF No. 40 ("Motion").

<u>**INTRODUCTION**</u>

Notwithstanding the Court's thorough and well-reasoned Opinion (ECF No. 37) on the question of whether Plaintiff has Article III standing to pursue her claim for violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710 *et. seq.*, Defendant says that the Court should certify the question for interlocutory appeal and stay the proceedings pending appeal. Defendant says so without citing to any conflicting or contradictory decisions on the question. In fact, Defendant says so without demonstrating any genuine difference of opinion at all on the question. Nor could it, because all seven of the federal courts of appeals to have considered the question have uniformly concluded that a plaintiff who states a claim for violation of the VPPA necessarily has Article III standing to redress that violation in federal court. That the Fifth Circuit has not yet

issued a published opinion consistent with the unanimous conclusion of the seven courts of appeals that have—the sole basis for the Motion—is plainly insufficient to obtain an immediate appeal pursuant to § 1292(b). The Motion should be denied.

## I.   THE VPPA

Congress enacted the VPPA in 1988 "[t]o preserve personal privacy with respect to the rental, purchase, or delivery of video tapes or similar audio visual materials." S. Rep. No. 100–599, at 1, *reprinted in* 1988 U.S.C.C.A.N. 4342-1, codified at 18 U.S.C. § 2710 *et. seq*. The Statute creates a private right of action against a "video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider." *See* ECF No. 37, at 8; 18 U.S.C. § 2710(b)(1). By providing consumers with a private right of action under the VPPA, Congress elevated this harm "to the status of legally cognizable injuries" that "were previously inadequate in law." *See Pileggi v. Washington Newspaper Publ'g Co., LLC*, 146 F.4th 1219, 1229–31 (D.C. Cir. 2025).

## II.   THIS COURT'S OPINION

In its Opinion denying Defendant's motion to dismiss, the Court found that "Plaintiff has sufficiently alleged that titles and contents of the videos she purchased were private information," and that Defendant disclosed that information to a third party without her consent. *See* ECF No. 37 at 6. The Court also found that the harm Plaintiff suffered from the nonconsensual disclosure was similar in kind to the tort of publication of private facts as required by Fifth Circuit precedent. *See id.*, at 7 (citing *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 822 (5th Cir. 2022); and *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 693 (5th Cir. 2021)). Notably, the Court carefully analyzed and rejected Defendant's argument that Plaintiff had to plead each and

every "element of a specific common-law cause of action to satisfy the concreteness requirement." *See* ECF No. 37, at 7 (*citing Perez*, 45 F.4th at 822).

Accordingly, the Court had little difficulty concluding, consistent with every other court of appeals to have considered the issue, that Defendant's "disclosure of private information is a 'type' of harm recognized at common law"—namely, publication of private facts—and thus sufficient to confer Plaintiff with Article III standing. *See id.* at 7.

### III. LEGAL STANDARD

Generally, only the "final decisions" issued by district courts are appealable. 28 U.S.C. § 1291. An exception to this rule is found at 28 U.S.C. § 1291(b), under which a court of appeals has discretion to hear an interlocutory appeal of an order "not otherwise appealable" if a district court certifies that the order involves (1) "a controlling question of law," (2) as to which there is substantial ground for difference of opinion," (3) such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1291(b). The criteria for an interlocutory appeal pursuant to § 1292(b) are conjunctive, not disjunctive. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). "All three of these criteria must be met for an order to properly be certified for interlocutory appeal." *Crankshae v. City of Elgin*, 2020 WL 1866884, at *1 (W.D. Tex. Apr. 14, 2020) (citing *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983)); *see also Cervini v. Cisneros*, No. 1:21-CV-565-RP, 2023 WL 6882769, at *3 (W.D. Tex. Oct. 18, 2023) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985) (noting that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which all of the statutory criteria are met").

IV.     ARGUMENT

The Motion should be denied for failure to demonstrate a "substantial ground for difference of opinion" on the question of whether a plaintiff who has adequately stated a VPPA claim has Article III standing to bring the claim in federal court.

As a threshold matter, the Opinion is thorough, tightly reasoned, and firmly worded. It would make no sense for the Court to regard its own solid piece of work from less than a month ago as substantially likely to be reversed.

Moreover, a "substantial ground for difference of opinion" on a question exists where (1) "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue;" (2) "the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point;" (3) "complicated questions arise under foreign law;" or (4) "novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). None of these circumstances is present here.

For one thing, the question for which certification is sought is plainly not a "complicated question[] aris[ing] under foreign law." *See Ryan*, 444 F. Supp. 2d at 723. Nor is it a "novel and difficult question[] of first impression[.]" *See id.* Far from it. Determining whether a plaintiff alleging violation of a federal statute like the VPPA has suffered a concrete and particularized injury-in-fact, sufficient to satisfy the injury-in-fact prong of Article III's standing requirement, is among the workaday tasks of a federal district court.

Moreover, this Court's conclusion that a violation of the VPPA manifests an injury sufficient to satisfy Article III is not "contrary to the rulings of" of any other court of appeal, much less all of them. *See id.* (first and second *Ryan* factors). While the Fifth Circuit has not directly

addressed whether a violation of the VPPA is tethered to a judiciable injury-in-fact for purposes of Article III, seven other U.S. Courts of Appeals have unanimously concluded that it is, consistent with the Court's Opinion here.

Indeed, the Second, Third, Sixth, Seventh, Ninth, Eleventh, and D.C. Circuits have uniformly concluded that a violation of the VPPA necessarily infringes upon a person's right to privacy in their video-viewing habits and thus, standing alone, manifests an injury-in-fact sufficient to confer Article III standing. Because there is a consensus across the federal judiciary that a VPPA violation is tethered to a justiciable Article III injury, there is plainly no "substantial ground for difference of opinion" on the question for which certification is sought.

In *Pileggi*, the D.C. Circuit recently determined that an alleged violation of the VPPA confers Article III standing because the resulting harm "is closely analogous to harms remedied by two different common law torts": intrusion upon seclusion and public disclosure of private facts. *See Pileggi*, 146 F.4th at 1229–31. The D.C. Circuit found the intrusion upon seclusion common law tort to be an analog to a violation of the VPPA because "the disclosure of private video records parallels the offensive intrusions into privacy recognized at common law, Congress here simply gave protection to a common law injury cloaked in more modern garb." *See id.*, at 1229. It also likened the harm arising under the VPPA to the public disclosure of private facts common law tort because she "suffered analogous hurt because of the loss of control over what, at bottom, is *her* private and personal information, as well as a loss of security from being spied on and having private and sensitive information unwillingly transmitted to a stranger for profit." *See id.*, at 1230.

A few months before *Pileggi*, the Sixth Circuit reached the same conclusion in *Salazar v. Paramount Global*, 133 F.4th 642, 647 (6th Cir. 2025). The Sixth Circuit explained that "asserted injury resembles the harms addressed by these torts because he alleges that Paramount disclosed his private information to Facebook without his knowledge or consent." *See id.*

The Second Circuit reached the same conclusion in *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 542 (2d Cir. 2024), by likening the harm caused by a violation of the VPPA to the public disclosure of private facts common law tort. The Second Circuit based its conclusion on the deliberate disclosure of personal data "as a result of an arrangement" between two companies, especially "[g]iven the nature of the companies involved, intended and potential uses of the disclosed information, and resulting enhanced disclosure risks[.]" *See id.*

The remaining U.S. Courts of Appeals reached the same conclusion in decisions predating *TransUnion, LLC v. Ramirez*, 594 U.S. 413 (2021). But those decisions remain valuable to the analysis and are still good law. As an example, in *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016), the Third Circuit provided a particularly detailed analysis, explaining that "[w]hen evaluating whether such a harm qualifies as an injury-in-fact, judges should consider whether the purported injury has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. Applying that standard, the Third Circuit concluded that "the harm is also concrete in the sense that it involves a clear *de facto* injury, *i.e.*, the unlawful disclosure of legally protected information." *See id.*

The Seventh Circuit, in *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014), likewise found Article III standing for VPPA violations, recognizing that the alleged privacy harm was concrete and particularized. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d

618, 623 (7th Cir. 2014). The Ninth Circuit's decision in *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 984 (9th Cir. 2017), is particularly instructive, as it directly addressed and rejected arguments similar to those Defendant makes here by finding that: the VPPA does not protect only against harms such as embarrassment and harassment—as Defendant argues. ECF No. 40, at 6. Instead, "the statute also protects privacy interests more generally by ensuring that consumers retain control over their personal information." *See Eichenberger*, 876 F.3d at 984. Accordingly, the Ninth Circuit based its decision on the Senate Report's focus on ensuring consumers retain control over personal information. *See id.* Finally, the Eleventh Circuit in *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1341 (11th Cir. 2017) reached the same conclusion by finding that: "the VPPA is similar [to intrusion upon seclusion] but subjects a video service provider to liability only when that provider actually discloses the consumer's personal information."

These seven circuits have not merely reached the same conclusion—they have done so using remarkably consistent reasoning. Each circuit grounded its Article III standing analysis in the recognition that VPPA violations parallel long-established common law privacy torts, particularly intrusion upon seclusion and public disclosure of private facts. Each circuit rejected arguments that VPPA violations constitute mere technical or procedural violations lacking concrete harm. And each circuit emphasized that the loss of control over personal viewing information, which is the very harm Plaintiff alleges here, constitutes injury sufficient to confer Article III standing.

Because all seven U.S. Courts of Appeals to have addressed the question for which certification is sought have uniformly concluded – consistent with the Court's Opinion here – that a violation of the VPPA is sufficient, by itself, to confer Article III standing, there is no substantial

ground for difference of opinion on the question for which certification is sought. *See Ryan*, 444 F. Supp. at 723. The Motion should be denied.[1]

## V.    CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: November 28, 2025

Respectfully submitted,

**HEDIN LLP**

*/s/ Elliot O. Jackson*
Elliot O. Jackson
Florida Bar No. 1034536
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone:    (305) 357-2107
Facsimile:    (305) 200-8801
ejackson@hedinllp.com

---

[1] Because certification of an interlocutory appeal under § 1292(b) is unwarranted, the Motion's request for a stay should likewise be denied. *See* 28 U.S.C.A. § 1292(b) (court may exercise discretion to stay proceedings only upon certification of immediate appeal).