**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| KAREN COCHENOUR, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>360TRAINING.COM, INC., D/B/A MORTGAGE EDUCATORS AND COMPLIANCE, INC.,<br><br>Defendant. | ) | Civil Action No. 1:25-CV-00007-RP |

**DEFENDANT'S REPLY IN SUPPORT OF OPPOSED MOTION TO AMEND IN PART AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND TO STAY**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................................1

ARGUMENT .........................................................................................................................1

I. THIS COURT SHOULD CERTIFY ITS ORDER AS TO STANDING. ..........................1

A. PLAINTIFF CONCEDES THAT TWO OF THE THREE FACTORS ARE MET ....................................................................................................1

B. *TRANSUNION* CHANGED THE REQUIRED STANDING ANALYSIS, AND RECENT CASE LAW DEMONSTRATES WHY THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ..........................2

C. PLAINTIFF HAS WAIVED ANY OPPOSITION TO A STAY ............................8

CONCLUSION ......................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barclift v. Keystone Credit Servs., LLC*,
93 F.4th 136 (3d Cir. 2024) ....................4

*Baysal v. Midvale Indem. Co.*,
78 F.4th 976 (7th Cir. 2023) ....................5

*Cook v. GameStop, Inc.*,
148 F.4th 153 (3d Cir. 2025) ....................4, 5

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ....................6

*Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*,
48 F.4th 1236 (11th Cir. 2022) ....................6, 8

*Konya v. Lockheed Martin Corp.*,
No. CV 24-750-BAH, 2025 WL 2050997 (D. Md. July 22, 2025) ....................3

*Magee v. Life Ins. Co. of N. Am.*,
261 F. Supp. 2d 738 (S.D. Tex. 2003) ....................1, 8

*Mehedi v. View, Inc.*,
No. 21-CV-06374-BLF, 2024 WL 3748012 (N.D. Cal. Aug. 8, 2024) ....................3

*Nabozny v. Optio Sols. LLC*,
84 F.4th 731 (7th Cir. 2023) ....................5

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016) ....................4

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.*,
45 F.4th 816 (5th Cir. 2022) ....................7

*Perry v. Cable News Network, Inc.*,
854 F.3d 1336 (11th Cir. 2017) ....................6, 8

*Pileggi v. Washington Newspaper Publ'g Co., LLC*,
146 F.4th 1219 (D.C. Cir. 2025) ....................3

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................7

*Rico v. Flores*,
481 F.3d 234 (5th Cir. 2007) ........................................1

*Ryan v. Flowserve Corp*.,
444 F. Supp. 2d 718 (N.D. Tex. 2006) ........................................4

*Salazar v. Nat'l Basketball Ass'n*,
118 F.4th 533 (2d Cir. 2024) ........................................3

*Sterk v. Redbox Automated Retail, LLC*,
770 F.3d 618 (7th Cir. 2014) ........................................5

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)........................................ *passim*

**Other Authorities**

4 Am.Jur.2d *Appellate Review* 128 (2005) ........................................4

Restatement (Second) of Torts § 652B (1977) ........................................8

## INTRODUCTION

There is a "substantial ground for a difference of opinion" on whether Plaintiff has standing in this case because the common law has traditionally deemed tortious only disclosures that would offend a reasonable person. Plaintiff neither disputes this point nor demonstrates that a reasonable person would be offended by the disclosures she alleges, which involve information inextricably related to publicly known facts. Plaintiff responds with authority from other circuits finding standing in Video Privacy Protection Act cases, but most pre-date *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), which refocused the standing analysis around injuries-in-fact recognized in our legal tradition. This marked shift only confirms that certification is warranted here. The Fifth Circuit should be afforded the opportunity to address this difficult and novel question.

## ARGUMENT

### I. THIS COURT SHOULD CERTIFY ITS ORDER AS TO STANDING.

#### A. PLAINTIFF CONCEDES THAT TWO OF THE THREE FACTORS ARE MET

A court can certify an order for interlocutory appeal where "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). In response to Mortgage Educators' opening brief, Plaintiff contests only whether there is a substantial ground for difference opinion, conceding that standing is a threshold, controlling question of law and an immediate appeal will advance the ultimate termination of the litigation. (*See* ECF No. 40.); *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 751 n.10 (S.D. Tex. 2003) ("The Fifth Circuit makes it clear that when a party does

not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court.").

There are conflicting circuit court opinions concerning Article III standing, and the Fifth Circuit has not weighed in on standing in a VPPA case. This case presents novel and difficult issues of first impression for the reasons Mortgage Educators outlined in its opening brief.[1] The Court should amend its order and certify the question of standing for interlocutory appeal to the Fifth Circuit.

### B. *TRANSUNION* CHANGED THE REQUIRED STANDING ANALYSIS, AND RECENT CASE LAW DEMONSTRATES WHY THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

While Plaintiff disputes that this Court's order creates a reasonable ground for difference of opinion, she does not respond to Defendant's showing on this element. "Article III standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (citation omitted). Where a plaintiff cites only "intangible harms," courts must ask whether they "are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 425. Defendant demonstrated that American common law has not traditionally deemed *all* disclosures of private information tortious, but only those that would offend a reasonable person. ECF No. 40 at 6–8. Defendant also demonstrated that the law has traditionally condemned only disclosures that were public or likely to become public. *Id.* at 8–9. Plaintiff does not even mention these points, let alone respond. She simply calls the Court's prior "work" "solid, ECF No. 42 at 4, but the Court's order also did not address these points. The Court need not think it will "be reversed," *id.*, to see that reasonable minds can disagree with its conclusion.

[1] (ECF No. 40 at 5-10.)

Plaintiff contends that circuits "have uniformly concluded that a violation of the VPPA necessarily infringes upon a person's right to privacy in their video-viewing habits." *Id.* at 5. But this implicitly buys the discredited idea that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right." *TransUnion*, 594 U.S. at 426 (citation omitted). Contrary to Plaintiff's view, the question is not whether a VPPA plaintiff "necessarily" has standing, ECF No. 42 at 5, but what a VPPA plaintiff must allege in a given case. Defendant demonstrated that many VPPA cases where standing was found are consistent with her contention that allegations must show a reasonable person would be offended by the disclosure. *See* ECF No. 40 at 10; *see also Pileggi v. Washington Newspaper Publ'g Co., LLC*, 146 F.4th 1219, 1225 (D.C. Cir. 2025) (discussing disclosure of internet news viewing choices, which may offend a reasonable person). Plaintiff has no response on this issue.

Moreover, Plaintiff fails to appreciate how *TransUnion* changed the standing analysis. Most VPPA decisions Plaintiff cites predate *TransUnion*, and Plaintiff's lead post-*TransUnion* case, *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533 (2d Cir. 2024), has been scheduled for another conference in the Supreme Court, *Nat'l Basketball Ass'n v. Salazar*, No. 24-994, distributed for conference 12/5/25. That itself proves the question presented is difficult and that there may exist a difference of opinion. The decisions Plaintiff cites also conflict with more recent decisions of the Third, Seventh, Ninth, and Eleventh Circuit on Article III standing. Multiple courts have certified questions for immediate interlocutory appeal where Article III standing was

challenged,[2] and the circuit courts' differing conclusions concerning Article III standing following *TransUnion* demonstrate why there is substantial ground for difference of opinion.[3]

Following the Third Circuit's decision in *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 274 (3d Cir. 2016), that court has more recently affirmed the dismissal of a Fair Debt Collection Practices Act case for lack of standing, applying *TransUnion*, and held that disclosure to a single mailing vendor did not resemble the public disclosure of private facts because there was no public dissemination or harm beyond a publication to a mailing vendor. *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 145-47 (3d Cir. 2024) ("Applying our interpretation of *TransUnion* to Barclift's allegations, we conclude that she cannot establish standing for her claim. She cannot demonstrate that the injury resulting from Keystone's communication of her personal information to a third-party mailing vendor bears a close relationship to a harm traditionally recognized by American courts."). The Third Circuit has continued to apply *TransUnion* in cases involving website activity. In *Cook v. GameStop, Inc*, the Court held that a plaintiff lacked standing to bring a claim under Pennsylvania's Wiretapping and Electronic Surveillance Control Act based on session reply code on a website, which enabled a company to track how internet users browse and interact with websites, explaining:

> [T]he harm Cook alleged is not analogous to "the humiliation that accompanies the disclosure of sensitive or scandalizing private information to public scrutiny." First, the information captured by the session replay code **was not sensitive or personal**. Cook alleged that the code intercepted data regarding her "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box),

---

[2] *See, e.g.*, *Mehedi v. View, Inc.*, No. 21-CV-06374-BLF, 2024 WL 3748012, at *1 (N.D. Cal. Aug. 8, 2024) (granting motion and certifying interlocutory appeal to Ninth Circuit regarding Article III standing); *Konya v. Lockheed Martin Corp.*, No. CV 24-750-BAH, 2025 WL 2050997, at *4 (D. Md. July 22, 2025) ("[Article III standing] is a 'pure issue of law' of the kind appropriate for an interlocutory appeal.").

[3] Although Plaintiff identifies a handful of circumstances under which an appeal *may* be appropriate, this list is not exhaustive and does not originate from binding case law. (Dkt. 42 at 4 (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)) (quoting 4 Am.Jur.2d *Appellate Review* 128 (2005)).

> URLs of web pages visited, and/or other electronic communications in real-time" . . . **Cook did not—and could not plausibly—allege that a disclosure of this information resulted in embarrassment or humiliation** . . . [E]ven assuming the information was the type that could cause Cook humiliation under "public scrutiny," **the information was never publicized or even publicly disclosed**. Cook's allegations concern disclosure of information to Microsoft, a third-party vendor to GameStop, not the broader public. **Cook's alleged harm is therefore not analogous to the harm associated with the tort of disclosure of private information.**
>
> Intrusion upon seclusion is an intentional intrusion, "physical[] or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person" . . . Cook conclusorily alleged that session replay code's capability is the "electronic equivalent of 'looking over the shoulder' of each visitor to the GameStop website for the entire duration of their website interaction" . . . **And, for the same reasons discussed above for the tort of disclosure of private facts, none of the information Cook entered on GameStop's website was personal or sensitive** . . . Cook cannot plausibly allege that there was an intrusion of her solitude or seclusion as to her person or private affairs.

*Cook v. GameStop, Inc.*, 148 F.4th 153, 159-60 (3d Cir. 2025) (emphasis added).

Since *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618 (7th Cir. 2014), the Seventh Circuit affirmed the dismissal of a Fair Debt Collection Practices Act claim for lack of Article III standing, holding disclosure to a single entity was not analogous to public disclosure of private facts. *Nabozny v. Optio Sols. LLC*, 84 F.4th 731, 736 (7th Cir. 2023) ("Nabozny's attempt to analogize her case to this privacy tort falls apart on the threshold element of publicity . . . The transmission of information to a single ministerial intermediary does not remotely resemble the publicity element of the only possibly relevant variant of the privacy tort."); *cf. Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 979 (7th Cir. 2023) ("Does any state make disclosure of a driver's-license number tortious? Not that we can see (and not that plaintiffs have found) . . . **A license number is not viewed as embarrassing** (as a low grade point average or a poor credit score would be) or private (as medical details are) but as neutral: most adults have these numbers, which are neither

good nor bad . . . When *Trans Union* spoke of 'reputational harms, disclosure of private information, and intrusion upon seclusion' as examples of situations in which the common law often provided redress, **the Court had in mind the sort of potentially embarrassing or intimate details we have mentioned**. License numbers are not in that set.) (emphasis added).

Aligning with the Third, Seventh, and Ninth Circuits, the Eleventh Circuit has also changed its analysis following *TransUnion* and its decision in *Perry v. Cable News Network, Inc.*, 854 F.3d 1336 (11th Cir. 2017), determining that the nonpublic transfer of information does not convert a statutory violation into a tort targeting public disclosure. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1241 (11th Cir. 2022) (en banc) ("As we have explained, **one of the 'unexpected consequences of the common-law-analogy approach to identifying harms is the growing insistence on hammering square causes of action into round torts**.' That admonition finds new life in this case. Hunstein does his best to shove a nonpublic transfer of information into a tort targeting public disclosure, but it just does not fit.") (emphasis added). The Eleventh Circuit's analogy rings true particularly here because the information at issue, continuing education requirements codified in publicly available state statutes, does not neatly fit into any analogous tort.

Following suit, the Ninth Circuit affirmed the dismissal of claims related to website session replay technology for lack of standing, acknowledging that its previous decision in *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017) was based on individual circumstances, holding that:

> But even though our analysis in *Eichenberger* and *In re Facebook* **might have arguably offered at the time some support for the position that Popa now advances, that analysis finds no support in *TransUnion*.** There, the Supreme Court made no distinction between "procedural" and "substantive" statutory provisions, instead holding, without any limitation, that courts should assess whether "plaintiffs have identified a close historical or common-law analogue for their asserted injury." And, as explained *supra*, the Court identified discrete privacy

> torts (not a general right to privacy) and evaluated plaintiffs' claims based on their similarity to the harm protected by the defamation tort.
>
> More important, we need not revisit *Eichenberger* and *In re Facebook* in reaching our decision today. Despite the broad statements made therein, **those decisions still accounted for the individual circumstances giving rise to the plaintiffs' alleged injuries rather than simply greenlighting a per se rule for privacy statutes**.

*Popa v. Microsoft Corp*., 153 F.4th 784, 794 (9th Cir. 2025) (emphasis added).

In contrast, this case involves public information: the fact that Plaintiff takes continuing education courses from among a set approved by authorities. As noted above, Plaintiff did not respond to the substance of Mortgage Educators' arguments that (1) any underlying tort requires harm in addition to mere publication and (2) publication means to the public. (ECF No. 40 at 6-9). Plaintiff has therefore failed to make any attempt to rebut Mortgage Educators' showing of a reasonable grounds for difference of opinion, instead plainly ignoring the grounds Mortgage Educators has identified and declining to address how the standing analysis in many circuits has changed. (*See id.*).

Moreover, Plaintiff's new argument regarding the tort of intrusion upon seclusion, ECF No. 42 at 7, only confirms that certification is warranted. The Court's prior order did not rest on this theory. *See* ECF No. 37 at 6 (finding only that "Plaintiffs has sufficiently alleged" disclosure of "private information," not that she alleged an intrusion upon seclusion). Plaintiff also did not advance this theory in her prior briefing. *See* ECF No. 12 at 5–10. This shift in theories underscores the uncertainty involved in the question proposed for certification.

Besides, Plaintiff does not explain how this additional tort could support her assertion of standing. The theory is in significant tension with *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 826 (5th Cir. 2022), which rejected an assertion that receipt of an unwanted letter was analogous to the tort of intrusion upon seclusion. *Id.* at 825. The Fifth Circuit disagreed because, in the statute at issue (the Fair Debt Collection Practices Act (FDCPA)), "Congress *didn't*

elevate the receipt of a single, unwanted message to the status of a legally cognizable injury." *Id.* at 826. The FDCPA served different purposes. This holding aligns with the Eleventh Circuit's holding in *Hunstein*, where the court discussed whether a disclosure was highly offensive. *Hunstein*, 48 F.4th at 1254 ("Although a plaintiff need not satisfy all common-law elements precisely, Hunstein fails to allege anything remotely like the kind of offensive conduct for which the law traditionally provided a remedy."). Here, Plaintiff does not explain how the VPPA vindicates an interest in seclusion. Indeed, Defendant is not alleged to have "intrude[d], physically or otherwise, upon [Plaintiff's] solitude or seclusion" in a way that "would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977). Plaintiff also makes no attempt to square *Perry v. Cable News Network, Inc*. with the Eleventh Circuit's later decision in *Hunstein*, and notably, *Perry* contained no discussion regarding why the disclosure would be highly offensive or what kind of injury purportedly occurred. *See generally Perry v. Cable News Network, Inc.*, 854 F.3d 1336 (11th Cir. 2017).

As discussed in Mortgage Educators' opening brief and above, the questions Mortgage Educators asks this Court to certify for interlocutory appeal are not the same standing questions that other federal appellate courts have addressed in the VPPA context. Accordingly, reasonable grounds for a difference of opinion exist, and the second prong is satisfied.

### C. PLAINTIFF HAS WAIVED ANY OPPOSITION TO A STAY

Plaintiff's response acknowledges Mortgage Educators' request for a stay in a footnote. (*See* ECF No. 42 at 8 n.1.) Plaintiff makes no actual argument in opposition to a stay and concedes that a court may exercise discretion to stay proceedings "upon certification of immediate appeal." (*Id.*) Should this Court grant Mortgage Educators' motion, Plaintiff has waived any opposition to a stay. *Magee*, 261 F. Supp. 2d at 751 n.10.

## **CONCLUSION**

For the foregoing reasons, the Court should modify its Order to include the following language: "The Court hereby certifies for interlocutory appeal to the Fifth Circuit the Order's determination that Article III standing has been alleged in this case. This Order raises the following questions on which there is a reasonable ground for difference of opinion: (1) whether a complaint that alleges only the non-public transfer of information concerning the plaintiff's specific means of complying with publicly known professional licensure requirements, and does not allege that the disclosure would offend a reasonable person, plausibly alleges a cognizable injury-in-fact, and (2) whether consumers suffer a concrete injury when their information is disclosed to a single business, rather than the public at large, where similar non-public disclosures are not actionable at common law" and stay proceedings in this Court pending disposition by the Fifth Circuit.

Dated: December 5, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Rachel Palmer Hooper*

Rachel Palmer Hooper
Texas Bar No. 24039102
811 Main Street, Suite 1100
Houston, Texas 77002
Tel: 713.646.1329
Fax: 713.751.1717
rhooper@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, December 5, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

/s/ *Rachel Palmer Hooper*